No. 41.—WILLIAM W. POULAN, plaintiff in error, vs. LITTLE-
TON SELLERS, defendant. BUTTS vs. ROBERTS.

[1.] The Act of 1853–'4, to protect the owners of lands or tenements against intruders, construed.

[2.] Title is evidence of the right of possession, and is admissible under this Act for this purpose.

[3.] The counter affidavit of the occupant, to avoid being dispossessed, should state that he *bona fide*, or in good faith, claims the legal right to the possession of the premises ; and his proof should show that fact.

Affidavit, &c. from Baker. Tried before Judge ALLEN,
May Term, 1856.

William W. Poulan made his affidavit according to the Statute in such cases made and provided, claiming right of possession to lot of land No. 4, in the 11th district of Baker, and declaring that Littleton Sellers was in possession; the latter made his counter affidavit, and the Sheriff returned the papers to Court.

Upon the trial of the issue thus made, the first affiant, Poulan, offered in evidence a copy grant from the State of

Georgia to Lewis Pollock. The Court rejected this paper upon the ground, that under our Statute authorizing said proceeding, there could be no investigation of title by the Court and Jury.

To this ruling the plaintiff excepted, and assigns the same as error.

WILLIAM E. SMITH, for plaintiff in error.

STROZIER & SLAUGHTER, *contra.*

Affidavit, &c. in Marion. Tried before Judge————, March Term, 1856.

This was an issue between William B. Butt as plaintiff, and Anderson Roberts as defendant, formed in pursuance of the Act of 1854, "to protect the owners of land," &c. in which both parties "*bona fide* claimed the right to the possession of the land" in dispute.

On the trial, both parties offered in evidence proof of title of *bona fide* claim, and of right of possession.

The Court charged the Jury, "that if defendant had shown that he did *bona fide* claim the possession of said land, it made no difference who was entitled to the possession; that if said defendant had shown that he *bona fide* claimed the right of possession, that then they must find for the defendant, although they might believe from the testimony that said plaintiff was entitled to the possession; and the question was, whether the defendant *bona fide* claimed the right to the possession; and not whether he had the right to the possession." To which ruling, Counsel for plaintiff excepted.

BLANFORD & CRAWFORD, for plaintiff in error.

STUBBS & HILL; MILLER & HALL, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] These cases involve a construction of the Act of 1853–'4, to protect the owners of lands and tenements against intruders.

Section I. enacts, " That from and after the passage of the Act, the following shall be a summary process for ejecting intruders from the possession of lands and tenements :

"When any person shall subscribe an affidavit before any .officer qualified to administer an oath, stating that he, either ;for himself or as agent for some other named person, does .*bona fide* claim the right of possession to any land or tenement, (describing it,) and that such land or tenement is in ·the possession of a named person, who does not, in good faith, ,claim a right to such possession, and yet, refuses to abandon the same ; and when such affidavit shall be delivered to the Sheriff of the county where the land or tenement lies, then, .and in that case, it shall be the duty of the Sheriff, at the earliest practicable day, to exhibit such affidavit to the person described as being in possession of the land or tenement, and to turn such person out of possession, unless the person so in possession shall, at once, tender to the Sheriff a counter .affidavit, stating that he does, in good faith, claim a legal ·right to the possession of such land or tenement.

Section II. is pretermitted, having nothing to do with the :point under discussion.

Section III. "Whenever an affidavit, in the terms of the ;first section of this Act, shall be tendered to the Sheriff by the person in possession, then and in that case, the process prescribed herein shall be stopped—the contending parties ·shall be remitted to their respective rights, and the Sheriff shall deposit both affidavits in the office of the Clerk of the Superior Court of the county in which the land lies; upon which, an issue may be made up and tried by a Jury according to the laws of this State ; and if the finding is for plain-

tiff or movant, the Clerk shall issue upon the judgment a writ of *haberi facias possessionem*, including a *fi. fa.* for the cost."

It will be perceived, that the movant must swear, in the first place, that he *bona fide* claims the right of possession to the premises, and that the person in possession does not, in good faith, claim the right to such possession; and yet, refuses to abandon or surrender the same. This affidavit being exhibited to the person in possession, he makes a counter affidavit, stating that he does, in good faith, claim a legal right to the possession of the disputed premises.

These two affidavits being taken, the process is stopped, and the affidavits are filed with the Clerk of the Superior Court of the county where the lands or tenements lie. And upon these affidavits, the issue is formed and tried by the Jury.

[2.] What is that issue? Is it the same as in an action of ejectment? We think not. It is co-extensive only with the case made by the affidavits, when the movant has shown his right of possession, which he may do by showing title. His side of the case is made out. Does this impose upon the tenant the burden of proving paramount title in himself or another? We think not. He has only to make it appear that he is not an " *intruder*," for it is against such only that the Statute gives a remedy; that he is neither squatter nor disseizor; but that he has taken possession under a *bona fide* claim of the legal right to do so. In other words, if the occupant shall make it appear that he has entered under circumstances which would constitute a statutory title by adverse possession, provided it should continue without interruption for seven years, then, in the opinion of this Court, he cannot be turned out under this summary proceeding; and the party will be driven to his action of ejectment.

Tested by this rule, how stands the case of Poulan *vs.* Sellers? Poulan, the movant, offered a copy grant from the State to Pollock, under whom he claimed, which was rejected by the Court, upon the idea that the title was not in dispute. In ruling out this testimony, we think the Court erred. By

showing title to the lot, Poulan established, *prima facie* at least, his right to the possession of it; and the evidence was legitimate and proper for that purpose.

How stands the case of Butt against Roberts? Roberts went into possession under a Sheriff's deed made to Miller, as the tenant of Miller. And the Court decided, and we think correctly, that notwithstanding the movant claimed under a prior Sheriff's deed to the land, still, Roberts could not be turned out, under the Act.

[3.] We think, however, that the Court erred in instructing the Jury, that if Roberts *bona fide* claimed the right of possession, that they must find for him. And that the question was, whether the defendant *bona fide* claimed the right of possession.

The charge was inaccurate in this: The defendant is required, under the Statute, to swear and show, that he *bona fide* claims the *legal* right to the possession. The word *legal* is omitted in the Court's charge; and yet, it was evidently designed to be significant in this Act. And on this account alone, we must reverse the judgment.