WARNER, J.
The error assigned to the judgment of the Court below, is the overruling the motion for a new trial, on the several grounds specified therein. In our judgment, according to the statement of facts contained in the record, the Superiors Court of Muscogee county had no jurisdiction to hear and determine the question of possession under the 4000th section of the Code, which provides for the removal of intruders from the possession of lands and tenements. The Superior Court acquires jurisdiction in such cases where the party in possession complies with the terms and provisions of the Code, that is to say, the party in possession of the land must at once tender to the sheriff a counter-affidavit stating that he does in good faith claim a legal right to the possession of *the land or tenement. There was no counter-affidavit tendered by Wall to the sheriff until the next day after he was turned out of the possession of the land, which the sheriff properly refused to receive at that time. There is no pretense that he was prevented from tendering his counter-affidavit at the proper time, by the fraud or misconduct of the sheriff, so as to make the officer amenable to the Court, by way of a rule, to show cause why he should not restore him back into the possession of the land. The Court below erred, in our judgment, in not granting a new trial, and setting aside the verdict.
Let the judgment of the Court below be reversed.