Montgomery v. Walker

---

SAMUEL G. MONTGOMERY, administrator, plaintiff in error, *v.* SARAH WALKER, defendant in error.

(Atlanta, January Term, 1871.)

AFFIDAVITS—MOTION TO DISMISS WARRANT.—Where a party makes an affidavit under the 4000th section of the Code against intruders, and the warrant is issued and executed by the sheriff, and a counter affidavit is not tendered until twenty days afterwards:

1. *Held,* That such counter affidavit does not give jurisdiction of the case to the Superior Court, so as to authorize the Judge to hear the case upon motion to dismiss the warrant, and restore the party ousted to possession.

2. SAME—INTRUDERS—AGENCY.—The statute against intruders ought to be strictly construed, and an attorney at law is not such an agent, without special appointment, as would authorize him to make the affidavit under the provisions of the law.

Montgomery v. Walker

3. SAME—SAME—WARRANT AND PROCESS—TRESPASS.—
The party put into possession under a warrant improperly issued on the
affidavit of an attorney at law, takes no benefit from such void warrant
and process, and stands in the light of the law as a trespasser.
682      *4. SERVICE OF BILL OF EXCEPTIONS—SHERIFF.*
—Service of a bill of exceptions by leaving a copy at the resi-
dence of the defendant in error is good; and it need not be served by
the sheriff.    Warner, J. dissenting.    (R.    See end of Report.)

Intruders.   Agency, Trespass.   Before Judge Knight.   Gil-
mer Superior Court.   May Term, 1870.

The attorney of Montgomery, as administrator of William
R. King, made an affidavit against Sarah Walker to eject her,
as an intruder, from certain land which belonged to King.   Upon
that a warrant was issued, on the 23d of January, 1868, and,
under it, on the same day, the sheriff ejected Sarah Walker
from the premises and put said attorney in possession, to hold
for his said client.

On the 20th of February following, Sarah Walker made a
counter-affidavit as required by the statute.   When the Court
sat, her counsel moved to dismiss said warrant because it was
sworn to only by the attorney at law of said Montgomery, and
to restore her to possession, upon the ground that the process
under which she was ejected was void for the said reason.
Counsel contended that as no counter-affidavit was filed at the
time the sheriff executed said warrant, the papers were not
properly before the Court, and therefore the Court had no
jurisdiction over the cause and that the county affidavit was
void because not tendered in time.

The Court ruled that the attorney at law was not, as such,
authorized to make said affidavit, that the warrant was there-
fore void, and ordered Sarah Walker to be restored to pos-

*SERVICE OF BILL OF EXCEPTIONS.—Where service of a
bill of exceptions is made by the attorney of the plaintiff in error, it
must be verified by the affidavit of the attorney; a mere entry of serv-
ice, unverified is not sufficient.    The case reported in Montgomery v.
Walker, 41 Ga. 681, is an error.    There, service was made by the
sheriff (as appears from the record), and the point was whether serv-
ice by leaving a copy at the residence of the defendant in error, was
sufficient, or whether the service must be personal.    Wostenholmes
v. The State, 71 Ga. 669.

The general rule is, that the sheriff may perform his official func-
tions either in person or by his lawful deputy.    Ward v. Colquitt, 62
Ga. 257; Montgomery v. Walker, 41 Ga. 681.

A motion was made to dismiss a writ of error, on the ground that
the bill of exceptions was not served until after it had been filed in
the clerk's office.    It was served by the sheriff, the regular officer of
the superior court to serve copies of such papers as are entrusted to
him for service by courts of record of this state.    Code, § 361.    His
service of copies of bills of exceptions has been recognized as valid
by this court, and his return of such service, entered on the original
bill of exceptions, need not be under oath, thereby recognizing his
official oath to bind him.    Montgomery v. Walker, 41 Ga. 682; Cloud
v. State, 50 Ga. 369; Head v. Bridges, 72 Ga. 31-2.

session of said premises. This action of the Court is assigned as error.

When the cause was called here Walker's counsel moved to dismiss the writ of error because the same was served by leaving a copy at the party's residence and that not by the sheriff. The motion was overruled. Warner, J., dissenting.

Weir Boyd. Thomas F. Greer. M. L. Smith and George D. Rice, for plaintiff in error.

H. P. Bell, for defendant.

**\*LOCHRANE, C. J.**

1. The order of the Court, dismissing the warrant and restoring the party to possession, under the facts in this case, constitutes the ground of error presented by the record.

Where proceedings were instituted under the 4000th section of the Code, and no counter affidavit was tendered, in terms of law, to arrest the execution of the warrant at the time, the tender of such affidavit twenty days subsequently thereto was not such a proceeding as could be returned by the sheriff or filed in Court. The warrant had accomplished its office when the party was turned out of possession, and the failure to file the proper affidavit so as to retain the possession under the statute, ended the case; there was nothing to return to the Superior Court, nothing to traverse before the Court. If the defendant had made the counter affidavit, and remained in possession, then the proceedings were, by operation of law, transferred to the jurisdiction of the Superior Court, and the motion to dismiss the warrant for any defect, properly cognizable by the Court, or on an issue formed to have been submitted to the jury, would be in order. But the filing of such counter affidavit under the Code, twenty days after the warrant had been executed by the sheriff, was not sufficient in law to have invoked the jurisdiction of the Court, and there was nothing before the Court, based on such proceeding, that authorized the order of restitution of possession.

Where by fraud, imposition or illegal means, the party may have obtained an inequitable advantage, in obtaining possession of lands under the 4000th section of the Code, and such fact appears by proper proceedings before the Court, we are of opinion, that the failure to file the counter affidavit at the time, may still be within the remedial processes of the Court, as where the absence of the party is shown, or the warrant is executed by the removal of an agent or tenant, or where deceitful and fraudulent practices are used.

But under the facts in this case, where a counter affidavit, in terms of the Code, was filed twenty days after the warrant had been fairly executed by the sheriff, we are of opinion *that the Judge had nothing before him upon which to predicate his order in the premises.

2. We deem it proper to state, in this connection, that we are satisfied the affidavit in this case was insufficient, for an attorney at law, without special appointment, is not such an agent as would authorize him to make the affidavit required for the issuance of the writ.

3. The original process in this case was void, and the action of the sheriff gives no legal protection to the party in possession under it. But the remedy, under the facts, did not lie in the summary order of restitution granted by the Judge below, and we, therefore, reverse the judgment.