Nichols *vs.* Chandler *et al.*

WARREN & GRICE, for plaintiffs in error.

DUNCAN & MILLER, for defendant.

---

WILSON D. NICHOLS, plaintiff in error, *vs.* F. M. CHANDLER *et al.*, defendants in error.

An intruder's warrant does not lie against one who, in good faith, claims the right to the possession of the premises he is sought to be ejected from, and if the defendant in such a warrant makes the counter-affidavit required by the Code, and it appear on the trial that he does, in good faith, claim the right to the possession, the jury ought to find for the defendant.

Intruder's warrant.   Before Judge GREENE.   Rockdale Superior Court.   September Adjourned Term, 1871.

Martha Kilpatrick, from whom both parties in this case claim to have derived title, had four children. On the 17th of May, 1859, she made and executed an instrument, whether deed or will has not yet been determined, conveying to two of her children, Margaret J. and Amanda M., jointly, the whole of her estate, consisting of one hundred and ten acres of land and some personalty. The preponderance of evidence is that this instrument, after execution, was left in the hands of Esquire Born to be delivered after the death of the maker. Margaret J., one of the beneficiaries under the above described instrument and her brother, died before their mother. Amanda M., the other beneficiary, and wife of one Kirk, and Mary A., wife of H. R. Nichols, were the only surviving children of the maker of said instrument; they, with their husbands, remained in possession of said land from the death of their mother. On August 28th, 1869, Henry R. Nichols and his wife Mary A. conveyed by deed their undivided interest in the land to the defendant, Wilson D. Nichols. On November 7th, 1870, Brazell Bradford was appointed administrator on the estate of Margaret J. Kilpatrick, and on August 2d, 1871, sold the land in dispute, to-wit: an undivided half interest to F. M. Chandler. F. M. Chandler and Brazell Bradford sued out a warrant against Wilson D. Nichols as an intruder, when the facts as above set forth appeared in evidence.

Defendant requested the Court to charge the jury as follows, to-wit: "That if they believed, from the evidence, that defendant claimed a *bona fide* and legal title to the land when he entered on the possession, forcible entry and detainer was the proper remedy." The Court refused to charge as requested, and defendant excepted.

The jury returned a verdict for the plaintiffs, and defendant moved for a new trial upon the following, among other grounds, to-wit:

Because the Court failed to charge the jury as requested. The motion for a new trial was overruled, and plaintiff in error excepted, and assigns said ruling as error.

Nichols *vs.* Chandler *et al.*

A. C. McCalla; James A. King, represented by New-man & Harrison, for plaintiff in error. Cited Code, sec. 4000; 21 Ga. R., 368; 39 Ga. R., 187, to the effect that as the defendant, in good faith, claims a legal right to the possession of the land in dispute, he cannot be ejected as an intruder.

Clark & Pace, for defendants.

McCay, Judge.

This Court has, in 20 *Georgia*, 228, and in 39 *Georgia*, 197, decided that in proceedings under this statute, the *bona fides* of the defendant's possession is the sole issue. If he, in good faith, claims a right to the possession, the plaintiff is driven to his remedies existing before the passage of the Act. It is not enough that the defendant's claim will not stand the test of a legal investigation, as compared with the claim of the plaintiff. If his claim is a real, honest, *bona fide* claim, not a sham, but founded on some reasonable data, he is no intruder, no mere squatter, and is not to be ousted by the sheriff without any trial.

This case seems to have been tried on the idea that if the defendant's claim was not one that would support a defense in an action of ejectment by the plaintiff, that the verdict ought to be for the plaintiff. We do not undertake to say that the jury was bound, under the evidence, to have found that this claim was or was not *bona fide*. We think, however, they might have done so under the evidence. There is much going to show that these parties thought they had a good title—that they were, in good faith, claiming a right to this possession. If this was the truth they were not intruders. The construction of this paper—though, in our judgment, it conveys the title as contended for by the plaintiff below—is not yet so clear as to make those who have resisted that view of it necessarily intruders. We think that if the jury had been properly instructed as to the law,

,as we have decided it, to-wit: that if the defendant *bona fide* claims the right of possession—not fraudulently, not without any show of right, but honestly, he is not an intruder—they might have found for the defendant.

Judgment reversed.