## THORPE *v.* ATWOOD.

Upon the trial of a proceeding instituted against an intruder under section 4808 of the Civil Code, title to the premises in dispute is not involved, except in so far as it bears upon the question of possession; and where one is in actual possession of a portion of·a·tract of land under a deed, which, though it may not be good as title, is nevertheless good as color, the entry of another upon a portion of the same premises, in bad faith without the consent of the person so in possession, is unlawful, and he may be evicted as an intruder, even though he may himself have entered under a pretended claim of title.

Argued February 18,—Decided March 22, 1897.

Proceeding against intruder. Before Judge Falligant. McIntosh superior court. November term, 1895.

*Walter A. Way,* by *Z. D. Harrison,* for plaintiff in error. *Gignilliat & Stubbs,* contra.

ATKINSON, Justice.

Under section 4808 of the Civil Code, Atwood sued out a proceeding to eject Thorpe as an intruder upon certain premises described in the affidavit which was the foundation of the proceeding. The defendant filed a counter-affidavit in terms of the statute, and the papers being returned to the superior court, an issue was formed and submitted to a jury. Upon the trial of the case, the plaintiff introduced a deed from the administrator of S. R. J. Thorpe, who died in possession of the premises. The administrator testified, that in pursuance of the sale of the property in question as of the estate of his intestate, he

placed Atwood, the plaintiff, who was the purchaser at that
sale, in possession, and that Atwood remained in possession,.
by a tenant, for a considerable time; that while the prem-
ises were temporarily unoccupied by a tenant, the defendant.
Thorpe "sneaked in and took possession." The defendant.
introduced a deed from S. R. J. Thorpe to Mrs. W. L.
Thorpe, the wife of the defendant, and swore that he en--
tered into possession of the premises under that deed, and
in good faith. Upon the introduction of this deed, it was,
attacked. by the plaintiff as a forgery; and there seems to,
have been an issue formed upon the validity of the deed
in this proceeding. There was much evidence upon the:
validity of the deed; and upon consideration of the whole:
case, the jury pronounced it a forgery. It.came from the
possession of the defendant and his wife, and there was no,
suggestion that any person other than the defendant and
his wife were concerned in its execution, or had ever·
claimed any rights under it; and upon the final trial of the:
case, the jury found against the defendant. A motion for·
new trial was made upon several grounds, among others,
that the verdicts were contrary to law, evidence, etc., be-
cause of newly discovered evidence, and because of an
alleged error committed by the presiding judge in refusing·
to rule out the deed under which the plaintiff claimed from
the administrator of S. R. J. Thorpe, upon the ground that.
it was not accompanied by the order of the ordinary author--
izing the sale. This motion was overruled, and defendant;
excepted.

We are not prepared to say that, upon the trial of an.
issue of this character, it is competent to form and try a,
distinct issue of forgery in the execution of a deed, such
as' is authorized by section 3628 of the Civil Code;, but all
of the evidence admissible upon the trial of that specific,
issue would likewise be admissible upon a trial of the issue,
formed in this case, for the purpose of determining whether
or not the entry of the defendant was really in good faith,.

and under a claim of right. It is possible for one to enter into the possession of premises in good faith even under a forged deed, but the circumstances attendant upon the execution of the forgery are admissible in evidence as throwing light upon the bona fides of entry. Under the evidence presented in this case, if the deed were in fact a forgery, it would have been morally impossible for the defendant to have entered in good faith under an honest claim of right based upon such a deed. The forgery, if committed at all, was so intimately associated with his possession, both of the forged deed and of the premises in pursuance of the deed, that it would be impossible to separate the two. Upon the trial of issues of this class, title to the premises in dispute is not involved, except in so far as it bears upon the question of possession, and the bona fides of the entry; and where one is in the possession of a portion of a tract of land, claiming it in good faith under a deed which, though not good as title, is nevertheless good as color, the entry of another upon the same premises in bad faith, without the consent of the person so in possession, is unlawful, and he may be evicted as an intruder, even though he may have entered under a pretended claim of title. If the claim of title be vicious because it is made in bad faith, this leaves him still an intruder, and subject to eviction as such. A person who accepts a forged deed, with knowledge of the forgery, cannot take possession under a legal claim of right in good faith; and therefore, whether a special issue of forgery was properly made in the present case or not, the evidence was sufficient to authorize the jury to find against him as an intruder.

What we have heretofore said with respect to the question as to title to the premises not being involved, renders unnecessary a decision as to whether the deed of the plaintiff, to which the defendant made objection, was properly admitted; whether a valid conveyance or not, it was good as color of title, and under that the plaintiff was holding

peaceable possession at the time of the intrusion of the defendant.

Upon an examination of the newly discovered evidence, we do not think it sufficiently material to justify overruling the discretion of the trial judge in refusing to grant a new trial.

*Judgment affirmed.    All the Justices concurring.*