## COFFEY v. PACE.

When a warrant to eject an intruder is sued out and is met by the counter-affidavit prescribed, the bona fides of the original possession is a material and vital question on the trial of the issue thus raised. When, therefore, in a given case, the evidence for the movant warrants the conclusion that he was, before the defendant's entry, lawfully in possession of the land, and raises inferences that such entry was not bona fide and under a claim of right, a nonsuit should not be granted.

Argued November 17,— Decided December 21, 1898.

Affidavit to eject intruder. Before Judge Hansell. Dougherty superior court. April term, 1898.

The east half of city lot number 79 was bought by Burks, and afterwards sold at sheriff's sale as his property to Coffey. At the time Burks bought this land, Sarah Roberson was the owner of land adjoining it on the east, viz., the west half of lot number 77; and while they were adjoining proprietors, he built, with her consent, a fence between them, which fence Pace, to whom she afterwards sold her land, moved westward some distance, so as to include in the land occupied by him a strip from which Coffey, by a proceeding afterwards instituted under section 4808 of the Civil Code, sought to eject Pace as an intruder; the strip in question being described in the plaintiff's affidavit as running across the entire east side of lot 79, and fronting five feet and three inches on Broad street, and three feet and two inches on an alley in the rear of the lot. A counter-affidavit was filed by Pace as agent for his wife. Upon the trial the court granted a nonsuit, and plaintiff excepted. The opinion states the other material facts.

*D. H. Pope & Son,* for plaintiff.
*Walters & Wallace,* for defendant.

LITTLE, J.   The issue tried in the court below arose upon an affidavit to remove defendant in error as an intruder on certain land claimed by the plaintiff in error. To this affidavit a counter-affidavit was filed in terms of the law. On the trial of the issue below, it appeared that the land on which the intrusion was claimed to have been made was a strip which by agreement between two prior owners of adjacent lots was used as a passageway for the convenience of both, and that while this strip was on part of óne of the lots, under said agreement it was placed within the inclosure of the other. A subsequent vendee of one lot removed the original fence so as to add this strip of land to his own lot, against the will of the other; and there is some evidence indicating that the place to which the fence was removed was the proper dividing line of the two lots. On the trial of the issue raised by the warrant and counter-affidavit, after the conclusion of the evidence for the movant, the court granted a nonsuit. This, we think, was error. It may be that the fence as it now stands represents the original line which divided the two lots, but under the evidence for the movant, it does not follow conclusively that he is not entitled to the continued occupancy of the strip of land in question. His immediate predecessor in title testified, that notwithstanding he did not have the amount of land described in his deed, he nevertheless did not claim any title to this strip of land, but that he had an agreement with the adjoining lot-owner that he might move the fence about six feet on her lot, so as to inclose the strip of land with his own, and that it should be jointly used as passageway for the two owners; that this agreement was put into execution, and he had thus been in the possession and enjoyment of the land for quite a number of years. Without regard, then, as to where the original line between the two lots was located, it was neither proper nor legal that he should be divested of possession by the sudden and quick removal of the fence by the adjoining lot-owner so as to include the land in question within the inclosure of the latter. Under the agreement to which he testified, and the acquiescence of the then

owner in its terms for so long a period of time, this at least entitled him to continued possession until he voluntarily surrendered it, or had been lawfully dispossessed. Especially is this true, when the other party to the agreement appeared and testified that her vendee entered, under his contract with her, only into possession of that part of his lot then under fence.

It may be that the defendant in error may show that he is entitled, under the law, to possession of this strip of land. Of this we can not and do not undertake to say. The principle upon which our law in relation to the ejection of intruders is based is that of good faith; and where one bona fide claims the right to possession of land which is in the hands of another person, and the latter does not claim a right to such possession but refuses to abandon it, and makes affidavit to these facts, it is sufficient for the warrant to issue. The operation of the warrant may be suspended by a counter-affidavit from the person then in possession, that he does in good faith claim a legal right to the possession. Civil Code, § 4808. When a defendant is in possession of land under a deed, claiming the legal right of possession in good faith, he can not be ejected as an intruder. *Russell* v. *Chambers*, 43 *Ga.* 478; *Nichols* v. *Chandler*, 46 *Ga.* 479. As to whether this is true and applies to the defendant in error in this case, we have no means of ascertaining from the record; for upon the conclusion of the testimony of the movant the court granted a nonsuit. If the testimony introduced on the part of the plaintiff in error on the trial of the issue is true, he was certainly in legal possession of the strip of land at the time he was deprived of it, and this evidence of itself does not put a superior right of possession in the defendant in error. We therefore think that the court erred in granting a nonsuit; and that in order to ascertain the respective rights of the parties to this litigation, a further investigation should be had.

*Judgment reversed. All the Justices concurring.*