## LANE *et al.* v. WILLIAMS.

In a proceeding to eject intruders, instituted under the Civil Code, §§ 4808 et seq., the sole question for determination is whether or not the defendants in good faith claim the right to be upon the land; and when, by undisputed evidence, they establish their bona fides, it is erroneous to direct a verdict in favor of the plaintiff.

Argued October 10, — Decided November 7, 1901.

Proceeding against intruders. Before Judge Fite. Catoosa superior court. February term, 1901.

*Andrews & Smith,* for plaintiffs in error.
*Payne & Payne,* contra.

LEWIS, J.    Under the Civil Code, §§ 4808 et seq., the plaintiff filed with the sheriff of Catoosa county an affidavit for the purpose of ejecting the defendants from certain land in that county, alleged to belong to the plaintiff.    The defendants filed their counter-affidavit as provided by law, and the issue thus formed was tried in the superior court of Catoosa county.    The plaintiff introduced in evidence his chain of title, beginning with a certified copy of a deed made by Thomas Russell, administrator cum testamento annexo of M. C. Dyer, dated November 7, 1870, and certain oral evidence tending to show the legality of his title.    The defendants introduced a certified copy of the will of M. C. Dyer, their grandfather, under whom they claimed, dated September 24, 1858, and probated July 14, 1866.    They also proved that their going upon the land in dispute was the result of the advice of their attorneys, who were men of standing and long experience in their profession, and who assured them, after careful investigation, that they had good title to the land and were entitled in law to enter and take possession of it.    In the will of M. C. Dyer the testator named his two sons as his executors, and it appears that one of these sons qualified according to law.    It does not appear how Thomas Russell, the grantor in the first link of the plaintiff's chain of title, became the administrator of the estate of M. C. Dyer.    Upon this evidence the court, on motion, directed a verdict for the plaintiff, and the defendants, Josie Lane and Amanda Baxter, excepted.

Under the settled rulings of this court, it is not necessary for the defendant in actions such as the one under consideration to show a title paramount to that of the plaintiff. It is only required that he shall show that he is not an intruder but in good faith claims the right to go upon the land. The sole point to be decided is the bona fides of the defendant.    "The question is not, does he have a right, but does he in good faith claim it." *McHan* v. *Stansell,* 39 *Ga.* 199.    See also, to the same effect, *Poulan* v. *Sellers,* 20 *Ga.* 228; *Russell* v. *Chambers,* 43 *Ga.* 478; *Nichols* v. *Chandler,* 46 *Ga.* 479; *Pratt* v. *Fountain,* 73 *Ga.* 261; *Thorpe* v. *At-*

*wood*, 100 *Ga.* 597; *Coffey* v. *Pace*, 106 *Ga.* 293. The case of *Thorpe* v. *Atwood*, supra, cited in the brief of counsel for the defendant in error, seems to us to be one of the strongest cases tending to establish the contention of opposing counsel that the sole question for decision in the court below was the bona fides of the defendant. In that case the defendant entered and claimed the right of possession of the land by virtue of a deed which it was alleged he had forged. The admission of evidence tending to establish the forgery was upheld by this court, not as affecting the title to the land, but as going to show the bad faith of the defendant. The court says: "Upon the trial of issues of this class, title to the premises in dispute is not involved, except in so far as it bears upon the question of possession, and the bona fides of the entry."

Our law has laid down certain well-defined methods for trying issues involving the title to land. This is not one of those methods. The remedy prescribed in section 4808 et seq. of the Civil Code was intended to apply only to intruders, squatters, or disseizors, who enter in bad faith and without any claim or shadow of right. The defendants below made a clear showing of good faith. They introduced the will of their grandfather, under which, in the absence of a counter showing, they would be entitled to enter upon the land in dispute. This will and its probate antedate by several years the first deed in the abstract of title introduced by the plaintiff, and it is worthy of note that no evidence appears in the record throwing any light upon the manner in which the grantor in that deed attained the official capacity in which it was executed. No serious attempt seems to have been made by the plaintiff to prove bad faith on the part of the defendants, and certainly, upon the face of the record, no such bad faith appears. The claim of title made by the defendants may be wholly without merit. That is not for us to say. It is sufficient that they set up in the court below ample evidence of their good faith, and hence should not have been ejected as intruders. It follows that the direction of a verdict for the plaintiff by the trial court was error.

*Judgment reversed. All the Justices concurring.*