### SMALLWOOD v. JONES.

Upon the trial of an issue formed upon a warrant to eject one as an intruder, it is error to direct a verdict, where the evidence makes an issue as to the character of the plaintiff's possession and the bona fides of the defendant's entry.

Submitted March 14,—Decided April 10, 1907.

Warrant to evict intruder. Before Judge Felton. Bibb superior court. May 29, 1906.

*Dasher & Parks,* for plaintiff

EVANS, J. This case arose upon an issue formed by an affidavit filed, in terms of the statute, to arrest the execution of a warrant to eject the affiant as an intruder. The house was a two-room tenement. The plaintiff submitted proof tending to show that her mother had been in undisturbed possession of the house for more than thirty years, claiming it as her own; and that since the death of her mother she had continued in possession as her sole heir at law. She was occupying one room of the house, and the defendant applied to rent the other room, but she refused to rent him the room. During her temporary absence the defendant moved into the vacant room, which she had left locked. The plaintiff denied attornment to the agent of an adverse claimant of the title, under whose authority the defendant claims to have entered the premises. The defendant offered proof tending to show, that the plaintiff admitted she had no title, and had attorned to the agent of the adverse claimant, who had a deed to the premises; and that his entry was by virtue of the permission of this agent. The court directed a verdict for the defendant, and the plaintiff excepts.

Upon the trial of issues of this class, title to the premises in dispute is not involved, except in so far as it bears upon the question of possession. *Thorpe* v. *Atwood,* 100 *Ga.* 597. At the time of the entry of the defendant, the plaintiff, according to her testimony, was in actual possession of the house, living in one room of it. The evidence made an issue whether her possession was that of a claimant to the whole tenement, or only as a tenant of one room, which she had rented from the agent of one who claimed title to the house. If the plaintiff's contention be true, and the defendant, with knowledge of the plaintiff's claim of title and possession, without her previous authority, surreptitiously took possession of one room during her absence, he would be an intruder. On the other hand, if the plaintiff had attorned to an adverse claimant of the house, by renting one room from his agent, her possession would have been limited to the part of the house rented by her, and she could not eject the tenant of the same landlord from the other room as an intruder. The character of the plain-

tiff's possession, and the bona fides of the entry of the defendant, should have been submitted to the jury; and the court erred in directing a verdict.

*Judgment reversed. Fish, C. J., absent. The other Justices concur.*