1884.   SHEATS *v.* BLAIR, next friend, *et al.*

1. In proceedings to eject intruders from the possession of lands and tenements under section 4808 et seq. of the Civil Code, where the officer exhibiting the warrant of eviction to the defendant does not execute the warrant after the expiration of three days, and no counter-affidavit is filed by the defendant within that time, and the officer leaves him in possession of the property, he can subsequently make and file the counter-affidavit with the officer at any time prior to actual eviction.
2. "The remedy prescribed in § 4808 et seq. of the Civil Code was intended to apply only to intruders, squatters, or disseizors, who enter in bad faith and without any claim or shadow of right." The evidence in this case clearly shows that the defendant in good faith claimed the right to the possession of the land.

Eviction; from city court of Oglethorpe—Judge Greer. March 25, 1909.

Argued June 25, 1909.—Decided January 15, 1910.

*H. A. Mathews,* for plaintiff in error.

*Hixon & Greer, Jule Felton,* contra.

HILL, C. J.  Plaintiffs instituted proceedings under section 4808 et seq. of the Civil Code, to eject the defendant, as an intruder, from their "lands and tenements."  When the sheriff served the warrant of eviction he either notified the defendant that he would execute the warrant and eject him unless a counter-affidavit was tendered to him within three days as required by the Civil Code, §4821, or then told him to appear and make his defense at the next term of the city court, which convened in the following week.  The evidence is doubtful as to what notice was given to the defendant on this point.  In any event the defendant did not make the counter-affidavit within the three days, nor did the sheriff eject him for his failure to do so.  Subsequently the counter-affidavit was tendered to the sheriff, who accepted it and returned the papers to the city court, where the issue formed by the counter-affidavit was tried by a jury and decided in favor of the plaintiffs, and the clerk issued a writ of habere facias possessionem.  The case is before this court on error assigned to the judgment overruling the defendant's motion for a new trial.

Exception is made to the following excerpt from the charge: "If it should appear, from the evidence, that the sheriff exhibited the plaintiff's affidavit to the defendant and at the same time then and there gave him notice, either verbal or written, that after the expiration of three days time he would, in the absence of a counter-affidavit as prescribed by law, proceed to evict him from the premises, and if you further find that the defendant did not file such counter-affidavit within three days as required by law, then the defendant would not now have the right to file said affidavit, or would not have the right to file such affidavit subsequently to the expiration of the three days, and if you find this to be the fact, you need not inquire further into the case, but should render a verdict in favor of the plaintiffs."  The portion of this charge excepted to is where the court instructs the jury that the defendant could not file the counter-affidavit after the expiration of three days from the date of the notice to eject.  This amounted to a direction of a verdict for the plaintiffs, if, under the evidence, the jury decided that when the sheriff exhibited the warrant of eviction to the defendant, he notified him that he would evict him unless the counter-affidavit was tendered within three days.  We think this instruction was error.  Under the statute of 1854 (Acts 1853-4, p. 52), as codified

in §4808 of the Civil Code, the sheriff was required to dispossess the intruder at once, unless counter-affidavit was made. The act of 1878 (Civil Code, §4821) gives the intruder three days within which to make the counter-affidavit and thus prevent summary ejection. If, however, the sheriff does not eject after the three days notice, but leaves the defendant in possession, and subsequently accepts a counter-affidavit, the issue thus made by the affidavit to eject and the counter-affidavit must be tried by a jury. *Lanier* v. *Kelly,* 6 *Ga. App.* 738 (65 S. E. 692). It would be a harsh construction of the statute to hold that a defendant would be deprived of making a meritorious defense, although still in possession of the premises, simply because of a delay in making the counter-affidavit. If the defendant has in fact been evicted, it would be too late for him to tender the counter-affidavit, but any time previous to actual eviction he can make the issue of the legality of his possession by filing the counter-affidavit. The cases relied upon by the learned counsel for the defendant in error do not go to the extent of holding that when a counter-affidavit setting up a meritorious defense has been tendered by the alleged intruder and accepted by the sheriff, and when there has been no actual eviction, the issue made by the counter-affidavit with the affidavit to dispossess will not be considered, because the former was not tendered and accepted within three days of the service of the warrant of eviction and notice by the sheriff of his intention to evict. These cases simply hold that after the three days have expired and there has been a proper eviction, it will be too late to file the counter-affidavit, unless the delay has been caused by some misconduct of the sheriff. *Simpson* v. *Wall,* 41 *Ga.* 106; *Montgomery* v. *Walker, Id.* 681. In *Collins* v. *Rutherford,* 38 *Ga.* 30, it is held that when the counter-affidavit has been dismissed as not being in compliance with the statute, a second counter-affidavit will not be allowed, because the statute requires that a proper counter-affidavit shall be at once (under the act of 1878, within three days) tendered to the sheriff. "If the intruder can be allowed to make a defective affidavit and *thereby retain* possession of the land, and, when it is objected to, make another and still retain possession, the very object and intent of the act would be defeated, which is to provide a summary process for the ejection of intruders who squat on other people's land." But if the sheriff permits the alleged intruder to retain possession,

and after the three days accepts from him a first affidavit which sets out a good defense in strict compliance with the statute, the defense thus made should be passed upon by the jury, and the defendant should not be cut off from such meritorious defense because the counter-affidavit was tendered and accepted too late. We think this would be true regardless of anything said or done by the sheriff to mislead the defendant as to the time allowed for making the counter-affidavit. It would be all the more true if the delay in filing the counter-affidavit was due to the conduct of the sheriff at the time of serving the warrant of eviction, which misled the defendant.

On the merits of the case the plaintiffs were not entitled to a verdict. The undisputed evidence shows that the defendant was put into possession of the property in November, 1908, by his brother, who had rented it to him for the year 1909. The plaintiffs were adults and minors, and in July, 1908, the former had sold their interest in the property to this brother, and the minors, by their guardian, had leased the property to this brother for the year 1909. There is some conflict in the evidence as to when the purchaser and lessee was to take possession of the property, whether at the close of the year 1908 or in January, 1909. When the defendant was put into possession of the property by his brother, in November, 1908, the plaintiffs had vacated the premises, and the possession of no one was interfered with. There is nothing to indicate that the defendant did not take possession in absolute good faith, in the belief that his brother had the right to rent the property to him and to put him in possession. In other words, the evidence clearly shows that the defendant was not an intruder, but in good faith claimed the right to be upon the land. "The remedy prescribed in §4808 et seq. of the Civil Code was intended to apply only to intruders, squatters, or disseizors, who enter in bad faith and without any claim or shadow of right." *Lane* v. *Williams,* 114 *Ga.* 124 (39 S. E. 919). The sole point to be decided is the bona fides of the defendant. "The question is not, does he have a right, but does he in good faith claim it." *McHan* v. *Stansell,* 39 *Ga.* 199; *Lane* v. *Williams,* supra, and cases cited. The question as to the defendant's right to the possession of the premises is in some slight doubt under the evidence. His good faith in claiming the right is in no doubt.              *Judgment reversed.*