10747. BELLINGER *v.* JONES *et al.*

JENKINS, P. J. 1. "The first grant of a new trial will not be disturbed by the Supreme Court, unless the plaintiff in error shows that the judge abused his discretion in granting it, and that the law and facts require the verdict notwithstanding the judgment of the presiding judge." Civil Code (1910), § 6204.

2. In granting the new trial the presiding judge passed the following order: "This was a proceeding brought against the defendants as intruders, and the burden was on the plaintiff not only to establish his right to

possession, but also to show that the defendants acquired possession in bad faith. Bad faith, as applied to this case, means that when the defendants took possession they must have known, or at least had reasonable grounds to suspect, that the plaintiff's title and right of possession was superior to theirs. In other words, they must have taken possession with knowledge or reasonable grounds to suspect that their title was bad. It appears, from the evidence, that both parties have a deed, the general description in which may include the land in dispute. The defendants claim under a deed dated in 1902, and the description in that deed is sufficient to cover the few acres in dispute between the parties. While the preponderance of evidence seems to indicate that the predecessors in title of the plaintiff had been in the uninterrupted possession of this tract for many years prior to his purchase, a careful examination of the evidence fails to disclose any testimony which would authorize a finding that when the defendants took possession of the land they knew the facts in reference to this prior possession of plaintiff's predecessors in title. Constructive knowledge is not sufficient to show bad faith. There must be actual knowledge. There is no such a thing in the law as constructive bad faith. There being no evidence, as I construe it, to authorize a finding that the defendants had such actual knowledge of the plaintiff's title as would charge them with bad faith, and the fact that they took possession in the plaintiff's absence not alone being sufficient for this purpose, I am constrained to grant a new trial, on the ground that the verdict is without evidence to support it." The trial judge did not err in granting the new trial for the reason assigned. See *Nichols* v. *Chandler*, 46 *Ga.* 479.

*Judgment affirmed. Stephens and Smith, JJ., concur.*

DECIDED APRIL 7, 1920.

Eviction; from city court of Albany — J. R. Pottle, judge pro hac vice. June 11, 1919.

*S. B. Lippitt,* for plaintiff.     *Milner & Farkas,* for defendants.