21004. HAMILTON *et al.* v. SMITH *et al.*
21027. SMITH v. HAMILTON *et al.*

HAWKINS, Justice. The plaintiff, Ed. L. Smith, one of two candidates for Sheriff of Montgomery County, Georgia, in a run-off Democratic primary held in said county on March 30, 1960, brings his petition against his opponent Louis H. Thompson, the Democratic Executive Committee of said county, and J. P. Richardson as the Ordinary of said county, alleging that, following said primary election, on a demand

by him for a recount of the ballots cast in said election, a recount committee was duly appointed, conducted the recount, and duly certified the result to the Democratic Executive Committee, showing the plaintiff to have received 1,331 votes and his opponent to have received 1,302 votes, and the result of said election and said recount to be that the said Ed. L. Smith is and has been nominated in said primary election to the office of Sheriff of Montgomery County, Georgia, and to be the nominee of the Democratic Party for said office of sheriff for the General Election to be held in the year 1960. It is alleged that this report was duly certified by the Democratic Executive Committee to the Ordinary of said County, all as provided for by the Primary Recount Law (Ga. L. 1941, pp. 432-439; *Code, Ann.*, § 34-3223 et seq.). He further alleges that, following such recount and certification thereof as above outlined, the defendant Thompson has filed a contest with the Democratic Executive Committee naming the plaintiff as contestee, in which he challenges the report of the Recount Committee certified as above indicated; that the Executive Committee has notified the plaintiff that it will entertain and hear the contest at a stated time; and the plaintiff prays for a declaration of his rights under the Primary Recount Law; that the committee be enjoined from holding said contest; that the ordinary of the county be enjoined from placing the name of any other person as Democratic nominee for sheriff on the General Election ballot except that of the plaintiff, and that he be required by mandamus to place the plaintiff's name thereon as the nominee of the Democratic Party. To this petition the defendant Thompson and the Democratic Executive Committee filed their general demurrers, which were overruled by the trial judge, and to this judgment they except. They also filed their answers, to certain portions of which the plaintiff demurred, and to the judgment overruling certain grounds of his demurrer the plaintiff excepts by cross-bill of exceptions. The defendant ordinary filed no pleadings and made no appearance in the case. *Held:*

1. This court in *Kemp v. Mitchell County Democratic Executive Committee*, 216 Ga. 276 (116 S. E. 2d 321), held: "The only provision of our law for contesting a primary election is the Primary Recount Law (Ga. L. 1941, pp. 432-439; *Code, Ann.*,

§ 34-3223 et seq.), and no duty is imposed by law on the County Democratic Executive Committee to recanvass or recount the votes in a primary election." In *Middleton v. Moody*, 216 Ga. 237, 242 (3) (115 S. E. 2d 567), this court held that, "since the findings and report of the recount committee are therefore final and conclusive as to all questions respecting the validity of such a primary election, any subsequent attempt by the party's executive committee to entertain and hear a contest between the parties involved in such recount is an absolute nullity for want of authority to do so." This court having thus already declared the rights of any and all candidates in a Democratic primary following a recount under the Primary Recount Law, it is unnecessary to do so again and again in other cases arising under that law. It appears from the plaintiff's petition that the recount committee and the Democratic Executive Committee have complied with the Primary Recount Law by properly promulgating, publishing, and certifying the result of the recount. Under the rulings above referred to, any action by the defendant Democratic Executive Committee to entertain and hear a contest between the parties involved in such recount would be a complete nullity and could be ignored. The petition shows no right in the plaintiff to a declaration of rights under the Recount Law, and the two committees having already properly performed the duties imposed upon them by that law, there is no need for a judgment of the court in this case requiring them to do that which has already been done.

2. The defendant Ordinary of said County filed no pleadings. It is to be presumed that public officers will perform their official duties at the proper time and in the proper manner unless the contrary appears. *Kight v. Gilliard*, 215 Ga. 152, 153 (109 S. E. 2d 599), and cases there cited. There is no allegation in the plaintiff's petition that the defendant ordinary will not discharge the duty imposed upon him by law of placing on the ballots for the General Election the name of the plaintiff as the nominee of the Democratic Party for the office of sheriff of said county, and the plaintiff shows no right to have mandamus or other judgment issued against him.

3. The plaintiff's petition failed to state a cause of action, and

the trial judge erred in overruling the general demurrers thereto.

4. Since the foregoing rulings dispose of the case, it is unnecessary to pass upon the assignments of error contained in the cross-bill of exceptions, complaining of the rulings on the plaintiff's demurrers to the defendants' answer.

*Judgment reversed on the main bill of exceptions; cross-bill of exceptions dismissed. All the Justices concur.*

ARGUED SEPTEMBER 12, 1960—DECIDED OCTOBER 6, 1960.

*Charles J. Bloch, J. Carlton Warnock, George Smith, Joe C. Underwood, James B. O'Connor,* for plaintiffs in error.
*Jackson & Graham,* contra.