40443. COGGINS et al. v. FULLER et al.

BELL, Presiding Judge. J. W. Fuller et al., as the Board of Deacons and Trustees of the Pentecostal Fire Baptized Holiness Church of LaGrange, Georgia, swore out an affidavit to eject five named intruders from certain described land under the procedure authorized by *Code* § 105-1501. This affidavit to eject intruders was subscribed on June 5, 1963. On June 25, 1963, a counter-affidavit sworn by only three of those averred to be intruders was tendered to the sheriff. A motion was made by the plaintiffs to dismiss the counter-affidavit on the ground that it was not timely filed. The trial court granted the motion and dismissed the counter-affidavit. Exceptions are brought to this judgment. *Held:*

Insofar as material here, the 110-year-old *Code* § 105-1501 provides that ". . . it shall be the duty of such sheriff, at the earliest practicable day, to exhibit such affidavit to the person described as being in possession of such land or tenement, and to turn such person out of possession, unless the person so in possession shall tender to the sheriff a counter-affidavit, stating that he does in good faith claim a legal right to the possession of said land or tenement." The section is a codification of the Acts of 1853-54, p. 52.

The statute was amended by the Acts of 1878-9, p. 145, the appropriate part of which is now codified as *Code Ann.* § 61-306. The latter Code section provides for a notice, to be given to any person named in the warrant for eviction as an intruder, that after the expiration of three days, Sundays and holidays excepted, the person named as an intruder will be evicted. The section places a duty on the sheriff to proceed forthwith to execute the warrant unless a counter-affidavit is filed with the officer within that time.

In *Sheats v. Blair,* 7 Ga. App. 272 (66 SE 812), it was held that if the sheriff does not eject after the three days' notice, *but leaves the defendant in possession,* and subsequently accepts a counter-affidavit, the issue thus made by the affidavit to eject and the counter-affidavit must be tried by a jury. However, the *Sheats* case reiterated the principles enunciated in *Simpson v. Wall,* 41 Ga. 105 and *Montgomery v. Walker,* 41 Ga. 681,[1] to the effect that where the three days have expired and *there has been a proper eviction,* it will be too late to file the counter-affidavit.

There is nothing in the record here which shows that the alleged intruders remained in possession of the property from the time that they were served with the intruder's warrant until they filed the counter-affidavit with the sheriff. Neither is there anything in the record to show that they were in fact evicted from the premises. However, as *Code Ann.* § 61-306 places the specific duty on the sheriff to proceed forthwith upon expiration of three days without a counter-affidavit having been filed with him, to evict the alleged intruders, it must be presumed that as a public officer he performed this duty "at the proper time and in the proper manner," and did in fact evict them. *Hamilton v. Smith,* 216 Ga. 345, 347 (2) (116 SE2d 565); *Kight v. Gilliard,* 215 Ga. 152, 153 (109 SE2d 599).

As the statutes authorize a summary ejection of the intruders after three days following notice, and by judicial decision a jury trial is required if a counter-affidavit is filed at any time before ejection, the burden is placed upon the alleged intruders, if their counter-affidavit is filed after the expiration of the three days, to affirmatively show as a defense in their counter-affidavit that at the time of its filing they remained in possession of the premises.

If the counter-affidavit shows on its face that it was filed later than the three days authorized and there is no averment in it showing that the affiants remained in possession of the premises, upon proper motion made the counter-affidavit is subject to dismissal by the trial judge. That is the situation in this case.

---

[1]The *Walker* case was overruled on other grounds in *Anderson v. Albany &c. R. Co.,* 123 Ga. 318 (51 SE 342).

*Judgment affirmed. Hall and Pannell, JJ., concur.*
DECIDED NOVEMBER 14, 1963—REHEARING DENIED
NOVEMBER 27, 1963.

*James E. Weldon,* for plaintiffs in error.
*Sims & Lewis, George E. Sims, Jr.,* contra.