44476. HARNAGE v. HALL et al.

DEEN, Judge. 1. The plaintiff appellee was injured in an intersection collision by an automobile owned by the defendant Harnage and operated by the defendant Boyett while the latter was engaged in returning it to the owner after making some repairs on it. As to the agency question, appellant insists only that Boyett was not on a direct route between

the points of origin and destination but had chosen to travel north on a parallel street two blocks east of the closest route with the intention of stopping at his home on the way. Harnage testified that he gave no directions as to how to come, and that it made no difference to him which route Boyett followed. Boyett contended that the route he chose was quicker and preferable to himself, and stated that he might or might not have stopped at his home, had he reached it, depending on whether his son's car was parked there. "If a servant or employee, while engaged in the business of his master, makes a slight deviation for ends of his own, the master remains liable when the act was so closely connected with the master's affairs that, though the servant may derive some benefit from it, it may nevertheless fairly be regarded as within the course of the employment." *Limerick v. Roberts,* 32 Ga. App. 755 (1b) (124 SE 806). "The fact that the driver of a motor vehicle when on business for the owner deviates slightly from the usual or most direct route of travel does not as a general rule affect the liability of his master for an injury resulting from his negligent operation of the vehicle." 60 CJS 1104, Motor Vehicles, § 437. A driver is not bound under all circumstances to the closest mathematical distance, and the evidence here is sufficient to sustain the finding that there was no deviation from the general employment of returning the car by reason of the route taken.

2. Although the right to a thorough and sifting cross examination may not be abridged, it is permissible for the trial court to restrain useless and unnecessary repetition of questions. *Hart v. State,* 14 Ga. App. 364 (7) (80 SE 909); *Ala. Const. Co. v. Continental Car &c. Co.,* 131 Ga. 365 (3) (62 SE 160); *Sims v. State,* 177 Ga. 266 (2) (170 SE 58). After Boyett had been questioned in detail as to the location of traffic signals and stop signs on the route he followed and on the route contended to be more direct in an effort to impeach his statement that he had chosen the quicker way, and after he had manifested uncertainty as to the location of certain stop signs, it was not error to rule, after objection made, "Well, you've already gone over it. Let's go on with something else."

3. (a) It appears from the record that after the court had charged the jury there followed a discussion between court

and counsel, after which the jury was called back and the judge gave them additional instructions. *Code Ann.* § 70-207(a) provides that opportunity *shall* be given to make objections to the charge to the court, after the charge is completed, before the verdict is rendered, and out of the hearing of the jury. Where it affirmatively appears from the record that a discussion took place between the court and counsel under conditions meeting these requirements, and there appears no reason why such discussion should not have afforded counsel opportunity to make any objections he deemed proper, no reversible error appears. Counsel, if he wishes to except to the charge, must be given an opportunity to do so, but this does not mean he can ambush the court by standing silently by until directly queried on the subject on the theory that the law places no burden on him to make known that he wishes to take exceptions. Further, the judge as a public officer is presumed to have performed his official duties at a proper time and in a proper manner where nothing to the contrary appears (*Hamilton v. Smith*, 216 Ga. 345 (116 SE2d 565)) and is thus presumed, in the absence of anything to the contrary, to have afforded opportunity for objection.

(b) The remaining enumerations of error deal with portions of the charge of the court as to which no exceptions were taken and which are not of sufficient gravity to come within the purview of *Code Ann.* § 70-207(c).

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

SUBMITTED MAY 29, 1969—DECIDED JULY 2, 1969.

*Seymour S. Owens,* for appellant.

*Smith, Gardner, Wiggins, Geer & Brimberry, Peter Zack Geer, Edward Parrish,* for appellees.