### 44857. LOTT et al. v. HERRIN.

Deen, Judge. 1. Where it appears that the driver of the defendant's automobile on entering a street from an intersection observed some distance ahead an automobile in the lane of traffic approaching her which was parked for the purpose of allowing the plaintiff passenger to leave the car, and she saw the plaintiff look down the street preparatory to crossing it, and the plaintiff thereafter walked or ran across the street and was hit by the left front of the defendant's automobile within approximately a foot to the right of the center line of the defendant's lane of traffic, whether or not the plaintiff who for some reason did not see the defendant's automobile until it was almost upon her failed to exercise ordinary care for her own safety in such manner as to be barred from recovery is a jury question. Cf. *Sanders v. Sisk,* 68 Ga. App. 572 (23 SE2d 503). The facts of this case do not bring it within *Code Ann.* § 68-1657 (c).

2. Even though an agent or servant driving the car of the principal or employer makes a slight deviation from the most direct route between two points on his itinerary this does not necessarily and under all circumstances remove his act from the scope of the employment. *Harnage v. Hall,* 120

Ga. App. 12 (169 SE2d 345). In the present case the undisputed evidence established that the defendant's daughter had taken the defendant's automobile at the defendant's request to do an errand for her; that at the time of the collision she was at a point where she might well have been had she been returning the car directly to the defendant, and that, while she testified that she was actually on an errand of her own, it was shown by reference to a city map in evidence in the case that she had passed several intersections which might have taken her more directly to the point where she testified it was her intention to go. The evidence does not demand a finding that there was such deviation in route as to relieve the defendant from liability.

3. There was no error in charging that a driver who is conscious of the presence of a pedestrian in the street may be found negligent in failing to blow the horn or give such other warning of the approach of the automobile as may be reasonably necessary. *Howell v. Nance*, 28 Ga. App. 575 (112 SE 294); *Code Ann.* § 68-1716 (a).

4. Where, in addition to extensive evidence by the plaintiff as to the duration and extent of her disability, there was medical testimony that "I don't think it will ever be the same leg it was before the accident," in connection with other evidence from which an inference of permanent injury might be drawn, it was not error to charge the jury on permanent injury and future pain and suffering.

5. "Proof that a speed limit sign existed at a given spot and that a driver disobeyed it constitutes prima facie evidence of a violation of law, without showing that the sign was official or by whom and by what authority the sign was erected." *Palmer v. Stevens*, 115 Ga. App. 398 (9) (154 SE2d 803). There was testimony in this case that the driver of the defendant's automobile was traveling at a speed greater than 25 miles per hour. A county officer testified that the speed limit at the point in question was 25 miles per hour, and that there was a sign to that effect on the street. An ordinance of the City of Baxley, showing this to be the speed limit was admitted in evidence without objection. The plaintiff alleged that the driver was traveling in excess of and in violation of the 25-mile per hour speed limit. Under these circumstances, the trial court properly gave in charge the rules of law relating to negligence per se.

*Judgment affirmed. Bell, C. J., and Eberhardt, J., concur.*
ARGUED NOVEMBER 3, 1969—DECIDED NOVEMBER 24, 1969—
REHEARING DENIED DECEMBER 10, 1969—

*Sharpe, Sharpe, Hartley & Newton, W. Ward Newton,* for appellants.
*Highsmith & Knox, J. H. Highsmith, Gordon Knox, Jr.,* for appellee.