SARAH RUSSEL, plaintiff in error *vs.* ANDREW CHAMBERS, defendant in error.

When a defendant is in possession of land under a deed claiming legal right to the possession of the premises in good faith, he cannot be ejected therefrom, as an intruder, under the 4000th section of the Code.

Intruders. Before Judge ROBINSON. Laurens Superior Court. April Term, 1871.

Mrs. Russel made affidavit that Chambers was in the posession of five acres of land, in Irwinton, to which she, *bona fide*, claimed the right of possession, that Chambers did not *bona fide* claim a right to such possession, and procured a warrant to eject him therefrom. Chambers made affidavit that he did, in good faith, claim a legal right to said possession, and the papers were returned to Court for trial of that issue. Plaintiff's counsel introduced evidence to show title in one Cochran, that Mrs. Russel was in possession of the premises as his tenant, and that Chambers broke down her fence, etc., and took possession.

. In reply Chambers showed that the Inferior Court of said county claimed that said land belonged to the said county, and had it sold at public outcry, and he bought it and took a deed to the same, and that he took the possession because

Russel *vs.* Chambers.

he believed Cochran's title was not good, and that his (Chambers') was. His deed was dated subsequently to Cochran's.

The Court instructed the jury that the question was not the right of possession nor the title, but whether Chambers, in good faith, claimed a legal right to said possession. The jury found for Chambers. Mrs. Russel's counsel moved for a new trial upon the grounds that the verdict was contrary to law and the charge of the Court, and unsupported by the evidence. The new trial was refused, and that is assigned as error.

J. C. Bower; Jonathan Rivers, for plaintiff in error.

T. Chambers; E. Cumming, for defendant.

Warner, Judge.

This was a proceeding instituted to remove an intruder, under the provisions of the 4000th section of the code. The defendant filed a counter-affidavit, and upon the issue thus formed the case came on for trial in the Superior Court. The jury found a verdict for the defendant. A motion was made for a new trial, on several grounds, which was overruled by the Court, and the defendant excepted.

From the facts disclosed by the record, there was no error in overruling the motion for a new trial in this case. The defendant claimed the possession of the premises, in good faith, under a legal right, as shown by his deed to the same. If the manner of his entry thereon was illegal, under that legal claim of right, made in good faith to the possession of the land, the plaintiff's remedy was by a proceeding for "forcible entry and detainer," or by an action of trespass to recover damages for the alleged illegal acts on the part of the defendant. But he could not be removed as an intruder under the provisions of the Code: *McHan vs. Stansell,* 39th Georgia Reports, 197.

Let the judgment of the Court below be affirmed.