MAYS v. SHIELDS.

1. A lawful delivery is essential to the validity of a deed; and where such an instrument is left in escrow, and is improperly delivered by the depositary without compliance with the condition on which it was to be surrendered, no title passes to the grantee, nor will a bona fide purchaser for value from him acquire any right as against the original grantor.

2. If, however, the grantor ratifies the delivery, or learns that the deed has been delivered or recorded, he is bound to take active measures to recover possession of the deed, or to have the record expunged, or else he will be estopped from disputing the rights of innocent third persons who buy on the faith of possession of the deed or the record thereof.

3. Possession is itself some evidence of title; and if the grantee is lawfully in possession at the time the escrow is deposited with a third person, and subsequently secures the deed from the depositary, he is clothed with double evidence of ownership, and can convey title to an innocent purchaser for value.

4. A deed can not be delivered to the grantee in escrow, nor can parol evidence be offered to contradict the recitals that title has been conveyed, and that the deed is really held by him for some purpose not therein expressed.

5. Where there was conflicting evidence as to whether a deed had been delivered to a third person in escrow, or to the grantee himself, it was necessary to charge as to the effect of a delivery to the grantee, even without a request so to do.

Argued June 3, — Decided June 27, 1903.

Levy and claim. Before Judge Reagan. Butts superior court. October 20, 1902.

*M. M. Mills, F. Z. Curry,* and *M. W. Beck,* for plaintiff in error. *Charles L. Redman,* contra.

LAMAR, J. Shields, the grantor and plaintiff in fi. fa., claims that he signed the deed and left it with Thompson to be delivered to Flynt, the grantee therein named, when he paid the balance of the purchase-money. The deed was recorded the same day. Sometime thereafter Flynt sold to Sanders, and he to Mays, who is the claimant here. Shields admits that he knew that the paper was recorded, but says that Sanders and Mays both had notice that it had been improperly delivered before they bought. This they deny, Mays claiming to be an innocent purchaser for value, without knowledge that there had been any escrow, or that the instrument had been improperly delivered and recorded. In *Dixon* v. *Bristol Bank,* 102 *Ga.* 461, it was ruled that where an escrow was obtained from the depositary by a fraud practiced upon him by the grantee, who had not performed the conditions upon which the delivery was to be made, no title passed, and a bona fide purchaser

from the grantee would acquire no rights as against the grantor. This decision is fully supported by the great weight of authority; most of the courts holding that the improper delivery by the depositary and the subsequent purchase from the grantee is not such a case as calls for the application of the rule that, where one of two innocent parties must suffer, he should bear the loss who put it in the power of a third person to inflict the injury. Civil Code, § 3940. Other courts protect the grantor on the theory that a lawful delivery is as essential to the validity of a deed as a genuine or authorized signature, and that the unlawful delivery is to have the same effect as if the deed had been forged, in which case, of course, a subsequent grantee would not acquire any rights, no matter how honest his mistake, or how great the price paid. It is a hardship on the grantor to lose his land, and an equal hardship on an innocent grantee to lose his money. The equities are equal; and where that is true, the law must prevail. But where they differ, the superior equity must prevail. Civil Code, § 3927.

The case at bar differs in several points from that of *Dixon,* supra. There the entry by the grantee was under the fraudulently obtained deed; his possession was unlawful, and partook of the nature of the deed itself. Here Flynt had been rightfully in possession of the land for a year or more, under a bond for title and contract of purchase. There the purchase by the subsequent vendee was not made on the faith of the registry of the deed. In this case Shields admits that he knew that his deed had been recorded, but testified that he had a conversation with Mays in which the latter recognized his title and the invalidity of the deed to Flynt, and desired to know how much would be needed to satisfy Shields' interest in the land. This was denied by Mays; and the court charged that "if the deed was delivered to Thompson in escrow, and not to be delivered to Flynt until the purchase-money was paid, and passed from Thompson to Flynt without such payment and without the consent of Shields, no title passed to Flynt, who could not convey title to Sanders, nor could Sanders convey to Mays; and this would be true whether Sanders or Mays, or either of them, had notice of the way in which the deed was held by Thompson." There was no instruction that if Shields subsequently ratified the delivery the deed would become valid, nor was the jury told that if with knowledge that the deed was on record Shields

took no steps to have the record expunged, he would be estopped from denying the title of an innocent purchaser buying on the faith of the record.    Where a grantor delivers a deed in escrow, and learns that it has been improperly delivered to the grantee or that it has been recorded, he must at once take steps to prevent innocent third persons from acting to their injury.    Such knowledge would bring the case within the rule as to which of two innocent persons must suffer.    Civil Code, §§ 3937, 3940.

Besides this, Flynt was in possession of the land before the execution of the deed alleged to have been delivered in escrow.    Possession of itself is a high evidence of title, and in ancient times was the only method of conveying land.    When one is both in possession of the property, and of muniments of title duly recorded, he is clothed with double evidence of ownership; and even in States recognizing the same rule as that laid down in the *Dixon* case, it has been distinctly ruled, that, if the grantee named in the escrow already had possession of the land, the doctrine there announced will not apply as against a grantee who purchases for value and without notice of the unlawful delivery.    Quick *v.* Milligan, 108 Ind. 49, 58 Am. Rep. 49.    The ruling which protects the grantor as against an innocent purchaser is a harsh one, and will not be extended beyond its letter, as against the rights of innocent purchasers who (Civil Code, § 3540) as a class are favored in law and are to be protected.    Of course, if Sanders or Mays knew of the improper delivery and record, they can not claim the benefit of this principle.    But if the jury should find that they did not have notice and bought on the faith of Flynt's possession under a recorded deed, of which Shields himself had notice, they will be protected in their purchase.    Possession prior to the deed, knowledge by the grantor that the deed has been surrendered and recorded, inaction on his part thereafter, ratification of the delivery, or any act constituting an estoppel may all be used by an innocent purchaser to defend the title to land for which in good faith and without notice he has paid. While denied by Shields, there was evidence that the deed had been delivered by him to Flynt.    If so, the title vested in spite of any agreement to the contrary; for if the grantor delivers the deed to the grantee, the law will not allow the solemn recitals therein of conveyance and delivery to be so modified as to show that it was held by the grantee in escrow, or for some other purpose than that

of conveying title. *Jordan* v. *Pollock*, 14 *Ga*. 145 (2) ; Civil Code, § 3603. Certainly is this so as against third persons. . This was so material a point that it would have controlled the verdict if the jury had believed the claimant's evidence; and required a charge, even without a request. There must be a new trial, and it is therefore unnecessary to consider the other questions raised.~^^) ぅ

*Judgment reversed. All the Justices concur.*