## 32596. KRASNER *v.* CROSSWELL *et al.*

DECIDED SEPTEMBER 23, 1949. REHEARING DENIED OCTOBER 14, 1949.

*Norman Krasner*, pro se. *D. W. Krasner*, for plaintiff in error. *Robert P. McLarty, John K. Calhoun*, contra.

WORRILL, J. Mrs. Helen J. Crosswell and Mrs. Margaret Crosswell filed an affidavit for an intruder's warrant in the Civil Court of Fulton County to dispossess Norman Krasner as an intruder from certain premises owned by them. The defendant filed his counter-affidavit. The plaintiffs alleged in their affidavit that they were the owners of a certain frame building located on the east side of Sampson Street, N. E., in Atlanta, Fulton County, Georgia; that they in good faith claimed the right of possession of the building; that the building was in the hands of another person, namely Norman Krasner, who was an intruder, and that he did not in good faith claim the right of possession, and yet refused to abandon the building although demand had been made on him to vacate it. The defendant alleged in his counter-affidavit that to the land and/or tenement which he occupied and had in his possession, he did in good faith claim a legal right of possession.

The case came on for trial before a judge and a jury in the

Civil Court of Fulton County on November 16, 1948, and at its beginning a motion to dismiss the counter-affidavit was made by the plaintiffs and overruled by the court. The defendant testified on cross-examination as follows: "The defendant in this case has never claimed possession of a frame building anywhere on Sampson Street. . . I never did claim any possession to any building then or now." The plaintiffs thereupon renewed their motion to dismiss the defendant's counter-affidavit, and the trial judge sustained the motion, dismissed the counter-affidavit, and passed the following order: "The above case coming on for trial before me, and it being admitted by the defendant that he was not in possession of the premises described in the intruder's warrant, nor that he had ever been or claimed to be in such possession, or in possession of any building on Sampson St., the counter-affidavit of the defendant is hereby dismissed, on motion of the plaintiffs."

The defendant then made a motion for a new trial, and also a motion to set aside the judgment, both of which as amended were overruled by the court, and he thereafter appealed to the Appellate Division of the Civil Court of Fulton County, which in a unanimous judgment, affirmed the judgment of the trial court. The opinion written by the Appellate Division of the Civil Court reads in part as follows: "It is the opinion of the court that said counter-affidavit . . taken together with the . . admissions of the defendant under oath, failed to constitute an issuable defense in the within case, and that the trial court was not in error in dismissing said counter-affidavit upon the motion of counsel for the plaintiffs. There being no issuable defense before the court, the other objections set forth in the amended motion for new trial and the motion for arrest of judgment are without merit." To this judgment the defendant excepted and assigned error thereon, and appealed to this court.

This action was brought under Code § 105-1501, and is a summary action to eject intruders. The sole question in such a case is whether or not the defendant in good faith claims the right to occupy the premises in question (*Lane* v. *Williams*, 114 *Ga.* 124, 39 S. E. 919), and when the counter-affidavit taken with the admissions of the defendant made on cross-examination shows that no issuable defense was made, or that the defendant did not in

136

good faith claim the right to possession of the disputed premises a finding in favor of the plaintiffs was demanded, and it would have been proper for the trial judge to have directed a verdict for the plaintiffs. But, instead, the trial judge dismissed the counter-affidavit, which terminated the case in favor of the plaintiffs, and the judgment of the appellate division of that court affirming said judgment will not be disturbed by this court.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*