22266.    EVANS et al. v. ELDER et al.

SUBMITTED NOVEMBER 13, 1963—DECIDED JANUARY 17, 1964.

*Sanders, Mottola & Haugen,* for plaintiffs in error.
*W. S. Allen,* contra.

GRICE, Justice. Those litigious characters, John Doe and Richard Roe, are here again, this time in a fictitious form ejectment suit filed by Mrs. Lou Ella Elder against Herman Evans, in the Superior Court of Meriwether County, to which the defendant filed a plea of not guilty. The trial resulted in a verdict in favor of the plaintiff for the property in dispute, and the trial court

denied the defendant's motion for new trial. Error is assigned upon such denial.

One question is raised by the two special grounds of the motion for new trial, and that same point is relied upon by the defendant in his argument in support of the general grounds. That question is whether, in order for the plaintiff to recover in this type proceeding, it must be shown that at the time of filing suit title to the disputed property was vested in one of the lessors named in the declaration.

Here, two demises were laid, one from N. P. Sewell and others and one from Mary L. Johnson. No demise was laid from Mrs. Elder. The plaintiff introduced deeds, claimed to encompass the disputed property, from N. P. Sewell and others to Mrs. Johnson and from Mrs. Johnson to Mrs. Elder. The defendant's evidence included a deed, also claimed to cover the disputed property, from Thelma H. Campbell to Mr. Evans. There was no evidence that title was in either of the lessors, N. P. Sewell and others or Mrs. Johnson, at the time suit was filed.

In view of this evidence the defendant contends, in support of the general grounds of his motion for new trial, that the verdict for the plaintiff was not authorized, because in order for the plaintiff to recover, it must be shown that at the time the action was brought title was in one of the lessors, and not in Mrs. Elder from whom no demise was laid. Special ground 1 of his motion urges that the court erred in not giving a requested charge to this effect. Special ground 2 complains that it was error for the court to charge that the plaintiff was entitled to recover if the jury found that Mrs. Elder had good title to the property.

The evidence was in conflict as to whether the plaintiff's or the defendant's deeds encompassed the disputed property, and that point is not argued in support of the general grounds.

As we view it, the defendant's position is meritorious.

It is fundamental that "the plaintiff must, in order to recover, show that the legal title, or its equivalent, as well as a right of entry at the time the suit is filed, rests in him (i.e., if the action is in the fictitious form, in one of the lessors) ; hence it is always necessary . . . when the action is in the fictitious form, to name him as one of the lessors." Powell, Actions for Land (rev.

ed.), p. 67. Also, "In ejectment no recovery can be had upon the title of a person from whom no demise is laid in the declaration," and "No recovery can be had upon the demise of a person who had conveyed away his whole title before the action was brought." *Hobby v. Bunch*, 83 Ga. 1 (1, 3) (10 SE 113, 20 ASR 301). See also *Bond v. Watson*, 20 Ga. 135 (2), and *Heath v. Miller*, 197 Ga. 443 (2c) (29 SE2d 416).

The situation in *Hobby v. Bunch*, 83 Ga. 1, supra, was very similar to the instant one. There, the administrator of T. D. Caswell, who had bought property at sheriff's sales, brought a fictitious form ejectment suit, laying demises from Ivy, the sheriff, and Hobby, but none from Caswell's heirs or administrator. There was some question as to whether the sheriff's sales to Caswell were valid because of possible irregularities in the foreclosure proceedings. This court, in Division 1 of its opinion, stated: "As there was no demise in the declaration from Caswell, his heirs or administrator, there could be no recovery by the plaintiff below on his title; therefore all contest over his purchase at either of the sheriff's sales was irrelevant and nugatory. Showing title in Caswell would not tend to support the action, but would be the certain defeat of it, since it would negative the right of all other persons, save his heirs or legal representatives, to demise the premises to John Doe." (P. 9)

Accordingly, here, no demise being laid from Mrs. Elder, the trial judge erred in charging that the plaintiff was entitled to recover if the jury found Mrs. Elder had good title. He should have charged as requested by the defendant, that in order for the plaintiff to recover, the jury must find that title was in one from whom a demise was laid. Also, since the evidence showed that before the suit was brought both of the lessors named in the declaration had conveyed away their whole title—N. P. Sewell and others to Mrs. Johnson and Mrs. Johnson to Mrs. Elder—there was no evidence to support the verdict for the plaintiff.

The principles of aider by verdict and amendment by evidence unobjected to cannot correct the failure here to lay a demise from Mrs. Elder, the person found to hold title. In order for either of these principles to apply, the evidence admitted without objection must have supplied the deficiency of the pleadings.

Here, it did not. Evidence of title in Mrs. Elder—by virtue of a deed to her from Mrs. Johnson—is not evidence of a demise from Mrs. Elder to John Doe, and it is the latter essential which is missing here. The demise is the foundation of fictitious ejectment and, being fiction, of course cannot be shown by evidence, but only by laying the demise in the declaration itself.

It must be remembered that the fictitious form of ejectment by its very nature is a highly technical action. When this procedure is chosen as the mode of asserting one's claim, its rules must be followed. However, in this procedure, amendments laying additional demises may be added at any stage before verdict. See Powell, Actions for Land (rev. ed.), pp. 114-118.

For the foregoing reasons, the judgment denying the defendant's motion for new trial is

*Reversed. All the Justices concur, except Duckworth, C. J., and Candler, J., who dissent.*