## S02A1840. BROWN v. CHRISTIAN.
### (576 SE2d 894)

SEARS, Presiding Justice.

Appellant Wayne Brown appeals the trial court's grant of summary judgment in favor of appellee Frank Christian in Brown's suit for ejectment. Having reviewed the record, we conclude that because Brown failed to show that he possessed satisfactory title to assert a claim for ejectment, the trial court properly granted summary judgment in Christian's favor. Therefore, we affirm.

In January 1998, Christian offered to sell his office building in Augusta ("the Property") to third parties Katzer and Moir ("Katzer"). Christian signed a warranty deed for the Property in Katzer's favor. However, Christian and Katzer did not agree to terms for the Property's sale at that time, nor did they close the sale of the Property. Rather, Christian and Katzer agreed that attorney Weber should hold the deed to the Property until the terms of sale were agreed upon. When deposed, attorney Weber testified that he held the deed in anticipation of closing the sale of the Property once Katzer and Christian settled on the terms of sale. However, Christian and Katzer never reached agreement on such terms and no sale of the Property was ever consummated.

In April 1998, attorney Weber delivered the deed to the Property to attorney Tritt, ostensibly because he believed Tritt was handling the Property's sale. Attorney Tritt, however, was representing appellant Brown. Brown had agreed to lend $80,000 to Katzer, and Katzer agreed to convey the Property as security for the loan. When deposed, Katzer testified (1) that he did not own the Property at the time he conveyed it as security for Brown's loan, and (2) that he conveyed the Property as security knowing that it was owned by Christian.

When deposed, Tritt testified that he never inquired whether Katzer had paid a purchase price to Christian in exchange for the Property. Attorney Tritt recorded the deed from Christian to Katzer along with a transfer tax form that was not signed by Christian, and the appropriate transfer tax was paid. He also recorded the security deed from Katzer to Brown.

Katzer defaulted on the loan, and Brown commenced foreclosure under the power of sale contained in the security deed. Christian learned of this action through a published notice of the impending foreclosure sale. Christian brought suit seeking to enjoin the sale and to set aside the deed from Christian to Katzer, claiming that the deed was obtained by fraud and that no consideration had been paid. In January 1999, the trial court enjoined the foreclosure sale. As for the action to set aside the deed, because neither Katzer nor Brown answered the complaint, all allegations against them were admitted.

After default judgment was entered against Katzer, the deed between Christian and him was declared void and set aside. Default judgment also was entered against Brown, but after the deed between Christian and Katzer was set aside, the trial court lifted the default judgment against Brown. Christian then voluntarily dismissed Brown from the action.

Ten months later, in November 1999, Brown again brought foreclosure proceedings and purchased the Property at a foreclosure sale. He then brought an ejectment action in Richmond County Superior Court, seeking to eject Christian from the Property. On cross motions for summary judgment, the trial court entered judgment in favor of Christian and against Brown.

1. A plaintiff seeking ejectment must recover on the strength of his own title; he may not rely on the weakness of the defendant's title.[1] A plaintiff in an ejectment action, in order to recover, must establish that at the time of filing his action, he possesses legal title or its equivalent, as well as the right of entry.[2]

This Court has previously held that where (as here) a deed is placed in the hands of an escrow depositary[3] pending finalization of the transaction, and if (as here) the grantee later fraudulently procures the deed from the escrow and then (as here) conveys it to a third party purchaser, the purchaser, even if bona fide, has no rights against the grantor.[4] Cases such as this one, where an escrow agent has improperly delivered a deed purportedly conveying property that is subsequently purchased from the grantee by a third party, are exempted from the general rule that where one of two innocent parties must suffer loss, the one who gave the agent power to inflict harm should bear that burden.[5] Instead, our precedent, as well as other authorities, holds that when a deed is placed in escrow to be held until certain conditions are satisfied, and the deed is then delivered to the grantee even though those conditions have not been met, there has been no conveyance.[6]

---

[1] OCGA § 44-11-1; Hinkel, Pindar's Georgia Real Estate Law and Procedure, § 23-21, Vol. 2 at 494 (5th ed. 1998); *New v. Fennell*, 222 Ga. 630, 633 (151 SE2d 452) (1966).

[2] Hinkel, supra at § 23-21, Vol. 2 at 494; *Evans v. Elder*, 219 Ga. 566, 567-568 (134 SE2d 803) (1964).

[3] "A deed delivered to a third party, to be delivered on certain conditions to the grantee, is an escrow." OCGA § 44-5-42.

[4] *Mays v. Shields*, 117 Ga. 814, 815 (45 SE 68) (1903). An exception to this rule exists if the grantor has somehow ratified the transfer, id., which is not asserted in this matter.

[5] Id. For this reason, we reject Brown's argument that Christian is bound by the escrow agent's delivery of the deed.

[6] *Cedeno v. Lockwoood, Inc.*, 250 Ga. 799, 801 (301 SE2d 265) (1983); *Dixon v. Bristol Savings Bank*, 102 Ga. 461, 465 (31 SE 96) (1897). See *McClure v. Newell*, 192 Ga. 188, 189 (14 SE2d 721) (1941) ("A lawful delivery is 'essential to the validity of a deed' ").

When an instrument placed in escrow is delivered by the escrow holder in violation of, or without compliance with, the terms or conditions of the escrow agreement, the delivery is inoperative and no title or rights pass by virtue of it; in legal contemplation, there is no effective delivery. . . . Not only does no title pass to the grantee, but also [except where otherwise provided] a bona fide purchaser acquires no rights against the grantor of an instrument thus improperly obtained.[7]

In this case, it is undisputed that the deed to the Property was obtained by Katzer from the escrow depositary by fraudulent means even though the conditions for the deed's delivery remained unsatisfied. Katzer then conveyed the Property as security for the loan from Brown. When Katzer defaulted, Brown claimed ownership of the Property by virtue of his purchase at the foreclosure sale and sought to eject the original grantor, Christian. However, under the authorities discussed above, there was no valid delivery of the deed from Christian to Katzer and Brown had no legal claim to seek Christian's ejectment from the Property.

2. In actions seeking to recover or take possession of property, "the plaintiff must recover, if at all, upon the state of the title as it subsisted at the commencement of the suit."[8] In January 1999, the trial court in this case found that Katzer's deed was obtained by fraud, declared the deed null and void, and set the deed aside. That judgment was not appealed and was recorded in the real estate records of Richmond County. Brown's ejectment action against Christian was not filed until ten months later, in November 1999. At that time, an essential link in Brown's chain of title — the validity of Katzer's deed to the property which he conveyed as security on Brown's loan — had been declared null and void. It follows that at the time he filed his action for ejectment, Brown could not establish that he held clear legal title to the Property.[9]

3. For the reasons discussed above, we conclude that the deed was never properly delivered to Katzer, and that Brown never had legitimate title to the Property, as required in order to maintain an action for ejectment. There being no dispute as to the dispositive facts and Christian being entitled to judgment as a matter of law, the trial court properly awarded summary judgment in his favor and

---

[7] 28 AmJur2d, Escrow, § 35.

[8] *Durham v. Crawford,* 196 Ga. 381, 388 (26 SE2d 778) (1943).

[9] The fact that Christian consented to the trial court's lifting and setting aside the January 1999 default judgment against Brown does not have any impact on the trial court's ruling declaring the deed to Katzer null and void.

denied summary judgment in Brown's favor.
*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 10, 2003.

*Warlick, Tritt & Stebbins, Charles C. Stebbins III*, for appellant.
*A. Rowland Dye*, for appellee.