### A04A2076. SIMS v. MERRITT et al.
(608 SE2d 547)

MILLER, Judge.

Ellie Sims, a plaintiff with title to land, brought this action to eject Ken and Stephanie Merritt, who had taken possession by a warranty deed from the plaintiff's brother. A jury found that the Merritts had acted in good faith, and the trial court entered judgment in their favor. Sims appeals from the denial of her motion for new trial on the ground that the evidence was insufficient to support the jury's verdict. We find no error and therefore affirm.

Viewed in the light most favorable to the verdict, the evidence shows that Sims's mother conveyed the property at issue to Sims by warranty deed in 1993. Sims's brother Harvie then filed a complaint to impress a trust on a portion of the property conveyed to Sims. After a meeting set up by the deacons of their church, of which Harvie was one, Harvie assured Sims that he would drop the suit. He obtained a default judgment in April 1997, however, and conveyed the property by warranty deed to the Merritts in July 1999. Three months later, Sims filed a motion to set aside the default, which was granted. The following year, Harvie voluntarily dismissed his complaint without prejudice, and died soon afterward.

After making written demands that the Merritts pay rent or vacate the property, to which they did not respond, Sims brought this ejectment action under OCGA § 44-11-30 by making out an affidavit asserting her title to and right to possession of the property. The Merritts responded with their own affidavit claiming possession under Harvie's warranty deed. Sims then requested a jury trial under OCGA § 44-11-32. The court's pretrial order noted that the only issue was whether the Merritts had a good-faith claim to the property. The jury found that their claim was indeed in good faith, and the court entered judgment in their favor. Sims appeals from the denial of her motion for new trial on the ground that the evidence does not support the verdict.

Under the summary procedure of OCGA § 44-11-30, a plaintiff may bring an action to eject an intruder onto land by making an affidavit attesting to her good-faith right of possession. Id. If the defendant submits a counter-affidavit asserting his own good-faith right, "the sheriff shall not turn [the defendant] out of possession[,] but shall leave both parties in their respective positions . . . [and] shall return both affidavits to the office of the clerk of the superior court of

the county in which the land is located for a trial of the issue before a jury." OCGA § 44-11-32.

These summary ejection proceedings are "intended to apply only to intruders, squatters, or disseizors, who enter in bad faith and without any claim or shadow of right." *Lane v. Williams*, 114 Ga. 124, 126 (39 SE 919) (1901). The sole question in such cases is the good faith of the defendant in entering upon the land and in claiming the right of possession; title is involved only insofar as it sheds light on this question. *Foreman v. Pelham*, 8 Ga. App. 822, 823 (1) (70 SE 158) (1911). The plaintiff is entitled to a directed verdict only if the defendant's counter-affidavit, taken with the results of cross-examination, shows no good-faith claim to possession. *Krasner v. Crosswell*, 80 Ga. App. 134, 135-136 (55 SE2d 381) (1949). If the defendant has acted in good faith, the plaintiff cannot prevail. *Stillwell v. Watkins*, 135 Ga. 149, 150 (68 SE 1114) (1910); *Thompson v. Glover*, 120 Ga. 440, 442 (47 SE 935) (1904); *Lane*, supra, 114 Ga. at 126; *Russel v. Chambers*, 43 Ga. 478 (1871) (defendant taking possession under deed acts in good faith and cannot be removed as intruder).

Here, the Merritts took possession under Harvie Sims's warranty deed. The jury thus had evidence to support its finding that the Merritts' claim to the property was made in good faith, and the trial court did not err in denying Sims's motion for new trial. *Russel*, supra, 43 Ga. at 479.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 13, 2004.

*William R. Oliver*, for appellant.
*Sean A. Black*, for appellees.