S07A1562, S07A1563, S07A1564. McRAE v. SSI DEVELOPMENT, LLC (three cases).
(656 SE2d 138)

HUNSTEIN, Presiding Justice.

Margie McRae appeals pro se from the trial court's order adopting the special master's report and denying her petition to quiet title to property on St. Simon's Island. Finding no error, we affirm.

1. The record reveals that the trial court entered three different final orders denying McRae's claims in this quiet title action. The trial court's first order was filed December 19, 2006; McRae filed a timely notice of appeal from this order and the matter was docketed in this Court as Case No. S07A1562. The trial court then entered a second order, filed February 5, 2007, which did not reference the first order. McRae filed another notice of appeal (albeit untimely) from that order; that appeal was docketed here as Case No. S07A1563. Seven days after the second order, the trial court issued its third order, in which it found that the parties recognized that the first order was "entered prematurely" and set that order aside as void on its face. The third order did not address the court's entry of the second order. However, the third order reached the same result as the earlier orders. McRae filed a timely notice of appeal from this third order. Pursuant to the parties' request, we consolidate the three appeals.

The first order was set aside as void by the consent of the parties, thereby obviating McRae's first notice of appeal. Pretermitting whether the second order was void because entered while McRae's first notice of appeal was pending, but see *Teal v. State*, 282 Ga. 319, 329 (7) (647 SE2d 15) (2007) (notice of appeal divests trial court of jurisdiction to alter judgment), her notice of appeal was untimely filed. OCGA § 5-6-38 (a). Therefore, we hereby dismiss Case Nos. S07A1562 and S07A1563 and address McRae's appeal in Case No. S07A1564.

2. The record establishes that McRae purchased property on St. Simon's Island in 2000 and that McRae's own deed sets the southern boundary of her property as the northern edge of a road, formerly known as Gordon Retreat and now known as Compass Point Drive, which has been in existence in its current location for over 50 years. This southern boundary was confirmed by the registered surveyor McRae hired to survey her property. McRae, however, brought suit

contending that her tract includes the roadbed, which has since been developed by SSI Development, LLC, the owner of the property south of McRae's tract. McRae asserts that because she and SSI are contiguous property owners, she is entitled to rely on descriptions in deeds in SSI's line of title that, according to McRae, establish that the common boundary between their properties is south of the boundary shown in McRae's deed. In other words, McRae's argument is that she owns the roadbed because her southern boundary must necessarily extend to the same point she claims the deeds in SSI's chain of title set as its northern boundary.

The law in this State is clear that a person must establish ownership of property on the strength of her own title and cannot prevail in a quiet title action by relying on the weaknesses in another's title. *Smith v. Ga. Kaolin Co.*, 269 Ga. 475 (2) (498 SE2d 266) (1998). Thus, McRae cannot claim the roadbed property as her own because her own title establishes undeniably that the property was not included in the 2000 deed into her. The law is also well established that "estoppel can not be the basis of title to land, since estoppels are defensive rather than creative. [Cits.]" *Nail v. Nail*, 207 Ga. 171, 177 (60 SE2d 749) (1950). Thus, contrary to McRae's argument, she cannot create title to the roadbed through any alleged estoppel by SSI or its predecessors in title. Rather, it is McRae who is estopped from denying the truth of the recitals in *her* deed. See *Williams v. Harris*, 207 Ga. 576 (1) (63 SE2d 386) (1951). The trial court did not err by denying McRae's quiet title petition on this issue.

3. McRae also argues that Gordon Retreat was a public road that Glynn County abandoned without complying with OCGA § 32-7-4 and thus its abandonment caused the portion of the road that was originally part of property in her chain of title to revert to her as a matter of law. However, in 2004 McRae voluntarily dismissed all of her claims against Glynn County. Contrary to McRae's contention, the trial court properly recognized the legal effect of that dismissal and its removal from this case of any issue regarding the abandonment of Gordon Retreat as a public road. McRae's challenge to the trial court's finding that the County was a necessary party is based on McRae's misunderstanding of the judicial process, inasmuch as she erroneously asserts she could dismiss the County as a party and then have the trial court determine that Gordon Retreat was a public road improperly abandoned by the County based solely on McRae's ex parte argument and evidence she gleaned from public records, without providing the County any opportunity to be heard on the matter. The trial court properly recognized that this issue could not be justly adjudicated without the County's participation as a party because only the County had standing to challenge McRae's claim that Gordon Retreat was a public road. See generally OCGA § 9-11-19.

Accordingly, when McRae voluntarily dismissed the County in 2004, she thereby relinquished her claim that Gordon Retreat was a public road improperly abandoned by the County.

4. As the trial court and special master properly recognized, McRae's right to recover is based on the strength of her title at the outset of the action. See *Brown v. Christian*, 276 Ga. 203 (1) (576 SE2d 894) (2003). Accordingly, because McRae failed to establish any ownership in any part of the disputed roadbed, we find no merit in her final enumeration that the trial court erred by not addressing her "equitable partition" claim to the southernmost portion of the roadbed.

*Judgment affirmed in Case No. S07A1564. Case Nos. S07A1562 and S07A1563 dismissed. All the Justices concur.*

DECIDED JANUARY 8, 2008 —
RECONSIDERATION DENIED FEBRUARY 11, 2008.

Margie McRae, *pro se.*
*William T. Ligon, Jr., C. Foster Lindberg*, for appellee.