**FIRST DIVISION**
**RICKMAN, C. J.,**
**BARNES, P. J., and LAND, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**May 24, 2023**

# In the Court of Appeals of Georgia

A23A0723. BELL v. LOPEZ et al.

BARNES, Presiding Judge.

In this case involving a dispute over land ownership, Andrew W. Bell, proceeding pro se, appeals from the trial court's final order dismissing his petition to quiet title and for ejectment for failure to state a claim upon which relief could be granted and denying his motions for default judgment and for a writ of possession as moot. Bell also appeals the trial court's order denying his emergency motion for injunctive relief. Upon our review, we affirm.

At the outset, we note that Bell's brief does not fully comply with the rules of this Court. Court of Appeals Rule 25 (a) (5) requires that an appellant's brief include "[a] statement of the case that sets out the material facts relevant to the appeal, describes the relevant proceedings below, and identifies how each enumerated error

was preserved for review, with appropriate citations to the record," and Rule 25 (d) (1) (i) requires that "[e]ach enumerated error shall be supported in the brief by specific reference to the record or transcript." However, Bell's brief does not include a statement of the method by which each enumeration of error was preserved for appellate review. And, most significantly, Bell's brief does not include any citations to the record. While his brief includes footnotes that contain citations to various exhibits, Bell cites only to the exhibit numbers rather than to the location in the record where those exhibits can be found, which is insufficient under our rules. See Court of Appeals Rule 25 (d) (2) (setting out the proper format for citations to the record); *Rolleston v. Estate of Sims*, 253 Ga. App. 182, 185 (2) (558 SE2d 411) (2001) (concluding that brief that listed numerous exhibits without including any citations to the record failed to comply with this Court's rules).

Bell's "pro se status does not excuse [him] from compliance with the substantive and procedural requirements of the law, including the rules of this Court. These rules are designed to facilitate the consideration of enumerated errors and compliance with such rules is not optional." (Citations and punctuation omitted.) *Stewart v. Johnson*, 358 Ga. App. 813, 814 (856 SE2d 401) (2021). In the absence of specific citations to the record, we are entitled to treat Bell's claims of error as

2

abandoned. See id.; Court of Appeals Rule 25 (d) (1) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned."). Nevertheless, because the record in this case is not large and the appellees have provided sufficient citations to the record in their brief, we will endeavor to address the merits of Bell's appeal. See *Fortson v. Brown*, 302 Ga. App. 89, 90 (1) (690 SE2d 239) (2010). But "if we miss something in the record or misconstrue an argument due to the nonconforming brief, the responsibility rests with [Bell]." *Stewart*, 358 Ga. App. at 814.

We turn now to the factual and procedural background of this case, which centers on a dispute over parcels of land located on Stone Road in the City of East Point in Fulton County that originally consisted of an undivided 5.838 acres (the "Stone Road Property"). Bell's petition and the subdivision plats and deeds attached thereto as exhibits reflect the following facts. In December 1995, Robert O. Taylor conveyed the Stone Road Property to Andrew B. Asare by general warranty deed. In 2006, Asare decided to develop the Stone Road Property into a subdivision. To that end, Asare filed and recorded two subdivision plats dividing the Stone Road Property into 19 lots with separate street numbers. The plats included plans for a new street

3

that would run through the subdivision, but the street was never built, and the lots became overgrown and "reforested."

After the subdivision plats were recorded, Asare conveyed some of the lots to different buyers over the ensuing years but retained ownership of a large portion of the Stone Road Property. More specifically, Asare conveyed Lot 1 to Baffour Adumattah by quitclaim deed. Separately, Asare conveyed Lots 3 and 4 to Eyeylondra Austin, who then conveyed those two lots to The Office Geeks ATL, LLC by limited warranty deed. In addition, Lots 5 and 6 were conveyed to Webster Richards and Mark Richards.

In May 2021, Lot 1, which consisted of 0.64 acres, was conveyed by tax deed from Adumattah to Bell. Shortly thereafter, in July 2021, Bell filed his pro se "Original Petition for Ejectment and Restoration of the [Stone Road Property] to Its Original Boundaries" against Asare, Austin, The Offer Geeks ATL, and Webster and Mark Richards (the "Richards Defendants") in the Superior Court of Fulton County. In his petition, Bell alleged that the plats for the subdivision were defective, failed to meet various statutory requirements, and should not have been recorded. Bell claimed that as a result of the defects in the plats, "neither the subdivision or any smaller tracts should exist," and the Stone Road Property should be returned to its original

4

boundaries before it was subdivided, the county clerk should issue a "new title" for the entire undivided parcel to him, and the defendants should be "ejected from those boundaries." Bell also alleged that the case constituted a summary action to eject intruders brought pursuant to OCGA § 44-11-30 et seq., and he subsequently filed a motion for the trial court to issue "a writ of possession for the original boundaries" of the Stone Road Property on the ground that he had filed affidavits supporting summary ejection but the defendants had not filed counteraffidavits.

Bell thereafter filed a motion to amend his petition to add Marina Lopez and Joze Lux (the "Lopez Defendants") as party defendants on the ground that he had learned through further research that The Office Geeks ATL had conveyed Lots 3 and 4 to them by limited warranty deed. Bell also sought emergency injunctive relief against the Lopez Defendants to "prevent[ ] them from entering or disturbing any portion of [his] [p]roperty" based on his contention that they had constructed a road on and removed trees from the Stone Road Property. After conducting a hearing, the trial court granted Bell's motion to amend his petition to add the Lopez Defendants as party defendants, but denied his emergency motion for an injunction.

The Lopez Defendants then answered Bell's petition and filed a motion to dismiss for failure to state a claim upon which relief could be granted. In their motion

5

to dismiss, the Lopez Defendants asserted that Bell's petition was an action to quiet title and for ejectment, given that he sought to have the Stone Road Property restored to its original boundaries and the title in that entire property issued to him, and thus sought to cancel their chain of title in Lots 3 and 4 and eject them from those lots. The Lopez Defendants further contended that Bell failed to state a claim to quiet title and for ejectment because his chain of title showed that he only held current title to Lot 1.

After the Lopez Defendants filed their motion to dismiss, Bell filed a motion for default judgment on the ground that all of the defendants had failed to file the counteraffidavits required in a summary action to eject intruders. The Lopez Defendants filed a brief opposing the motion.

The trial court subsequently entered its final order granting the Lopez Defendants' motion to dismiss, concluding that Bell failed to state a claim to quiet title and for ejectment because his ownership interest in the Stone Road Property was limited to Lot 1 and thus did not encompass the lots over which the Lopez Defendants claimed ownership (Lots 3 and 4). The trial court further ruled that even if Bell could show that the subdivision plats were recorded improperly, "said defect would not legally grant [him] an interest in property he did not purchase or receive by other

6

legal means." Additionally, the trial court concluded that Bell failed to state a claim for summary ejection of intruders because the criteria for that type of summary proceeding had not been satisfied. And upon determining that the "same analysis applie[d] to all [of the defendants] in this case," the trial court sua sponte dismissed Bell's claims against the remaining defendants as well. The trial court denied Bell's motions for default judgment and for a writ of possession on the ground that they were moot. This appeal followed.[1]

1. In several related enumerations of error, Bell challenges the trial court's dismissal of his petition for failure to state a claim upon which relief could be granted.

"This Court reviews de novo a trial court's ruling on a motion to dismiss for failure to state a claim, construing the pleadings in the light most favorable to the plaintiff and with any doubts resolved in the plaintiff's favor, and viewing all well-pled allegations in the complaint as true." (Citations and punctuation omitted.) *PV Holding Co. v. Poe*, 360 Ga. App. 381, 382 (861 SE2d 265) (2021).

---

[1] The Lopez Defendants filed an appellees' brief. The remaining defendants did not join the Lopez Defendants' brief or file their own briefs in this Court.

> A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof, and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

(Citation and punctuation omitted.) *Blau v. Ga. Dept. of Corrections*, 364 Ga. App. 1, 2 (873 SE2d 464) (2022). In determining whether a claim should be dismissed, courts may consider exhibits attached to and incorporated into the complaint. See OCGA § 9-11-10 (c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *Love v. Fulton County Bd. of Tax Assessors*, 311 Ga. 682, 683 (859 SE2d 33) (2021).

(a) Guided by these principles, we conclude that the trial court did not err in dismissing Bell's claims to quiet title and for ejectment. To maintain a suit to quiet title, the plaintiff must assert that he holds the current record title or current prescriptive title to the property in dispute. *Smith v. Ga. Kaolin Co.*, 269 Ga. 475, 477 (2) (498 SE2d 266) (1998); *In re Rivermist Homeowners Assn.*, 244 Ga. 515, 518 (260 SE2d 897) (1979). "Otherwise, he possesses no title at all, but only an expectancy[.]" *In re Rivermist Homeowners Assn.*, 244 Ga. at 518. "A plaintiff in an

8

ejectment action, in order to recover, must establish that at the time of filing his action, he possesses legal title or its equivalent, as well as the right of entry." *Brown v. Christian*, 276 Ga. 203, 204 (1) (576 SE2d 894) (2003). See *Evans v. Elder*, 219 Ga. 566, 567 (134 SE2d 803) (1964).

The dispute in the present case was over the ownership of the land encompassed by Lots 2-19 of the Stone Road Property, with Bell seeking in his amended petition to have a "new title" issued in his name that would encompass all of that land and to have the defendants ejected from it. However, the subdivision plats and the deeds attached to his petition reflect that Bell held current title only to Lot 1, and "[t]o the extent there are inconsistencies between the allegations in the [petition] and exhibits attached to [it], the exhibits control." *Love*, 311 Ga. at 683-684. "Thus, Bell cannot claim the [entire Stone Road Property] as [his] own because [his] own title establishes undeniably that the [lots other than Lot 1 were] not included in [his] deed[.]" *McRae v. SSI Dev.*, 283 Ga. 92, 93 (2) (656 SE2d 138) (2008). Because Bell's petition with exhibits thereto, even if construed liberally, reflects that he had no record or prescriptive title to any of the lots in dispute in this case, the trial court properly dismissed his claims to quiet title and for ejectment. See *Brown*, 276 Ga. at

9

204 (1); *Smith*, 269 Ga. at 477 (2); *In re Rivermist Homeowners Assn.*, 244 Ga. at 518; *Evans*, 219 Ga. at 567.

Bell nevertheless argues that dismissal was inappropriate because the trial court erred in determining that lots had been conveyed "to various persons and entities" after the plat was subdivided by Asare and, specifically, that Lots 5 and 6 had been conveyed to the Richards Defendants. But "[t]he law in this State is clear that a person must establish ownership of property on the strength of her own title and cannot prevail in a quiet title action by relying on the weaknesses in another's title." *McRae*, 283 Ga. at 93 (2). See *Smith*, 269 Ga. at 477 (2) ("In suits regarding title to land the plaintiff's right to recovery or relief depends upon the strength of his own title to the realty involved, not the weakness of his opponents' evidence.") (citation and punctuation omitted). The same rule applies to a plaintiff seeking ejectment. See OCGA § 44-11-1 ("A plaintiff in ejectment must recover on the strength of his own title and not on the weakness of the defendant's title."); *Brown*, 276 Ga. at 204 (1) ("A plaintiff seeking ejectment must recover on the strength of his own title; he may not rely on the weakness of the defendant's title."). Bell therefore cannot rely on alleged weaknesses in the instruments conveying the lots to various defendants to resuscitate his quiet title and ejectment claims.

10

Bell also contends that dismissal was improper because the subdivision plats were not properly recorded under the plat recording statute, OCGA § 15-6-67. Bell's contention is misplaced because, as noted by the trial court, even if the subdivision plats were not recorded properly, the defects in recording would not entitle Bell to any interest in property that otherwise had not been legally conveyed to him, and thus would not entitle him to an interest in the lots disputed here, Lots 2-19. Moreover, "the Georgia Code is specific that failure of a plat to meet the requirements of OCGA § 15-6-67 'shall not, in and of itself, affect or invalidate any legal description or *legal instrument* based on such plat." (Emphasis in original.) *Edgewater Hall Enterprises v. City of Canton*, 366 Ga. App. 142, 149 (2) (880 SE2d 582) (2022), quoting OCGA § 15-6-69 (a). See *Purcell v. C. Goldstein & Sons*, 264 Ga. 443, 444 (1) (448 SE2d 174) (1994) ("That the legislature intended the requirements for recordation to be limited to that purpose is evident from the provision in OCGA § 15-6-69 (a) that failure of a plat to meet the requirements of § 15-6-67 shall not affect or invalidate any legal description or legal instrument based on the plat.").

Accordingly, for the aforementioned reasons, the trial court committed no error in dismissing Bell's quiet title and ejectment claims.

(b) Bell also argues that his petition stated a claim for the summary ejection of intruders under OCGA § 44-11-30 et seq. and that the trial court erred in dismissing that claim. We disagree.

> Under the summary procedure of OCGA § 44-11-30, a plaintiff may bring an action to eject an intruder onto land by making an affidavit attesting to her good-faith right of possession. If the defendant submits a counter-affidavit asserting his own good-faith right, "the sheriff shall not turn [the defendant] out of possession[,] but shall leave both parties in their respective positions . . . [and] shall return both affidavits to the office of the clerk of the superior court of the county in which the land is located for a trial of the issue before a jury." OCGA § 44-11-32.

> These summary ejection proceedings are intended to apply only to intruders, squatters, or disseizors, who enter in bad faith and without any claim or shadow of right. The sole question in such cases is the good faith of the defendant in entering upon the land and in claiming the right of possession; title is involved only insofar as it sheds light on this question.

(Citations and punctuation omitted.) *Sims v. Merritt*, 270 Ga. App. 877, 877-878 (608 SE2d 547) (2004). See OCGA §§ 44-11-30;[2] 44-11-32;[3] *Brixmor/IA Northeast Plaza,*

---

[2] OCGA § 44-11-30 provides:

> When any person, either by himself, his agent, or his attorney in fact, shall take and subscribe an affidavit in writing before any officer authorized to administer an oath setting forth that he claims, in good

12

*LLC v. Sublet Atlanta Realty, LLC*, 347 Ga. App. 223, 225 (1) (818 SE2d 681) (2018)

(explaining summary ejection actions provided for by OCGA § 44-11-30).

Here, however, Bell's petition and the exhibits attached thereto reflect that Bell

did not own the lots from which he sought to eject the defendants. Furthermore, this

is not a case where the defendants can be characterized as mere intruders or squatters,

even when Bell's allegations are construed most favorably to him. Rather, Bell's own

allegations and the plats and deeds he included as exhibits reflect that Asare was

conveyed the Stone Road Property by general warranty deed; that Asare sought to

---

faith, the right of possession to the described land or tenement and that such land or tenement is in the hands of another named person who does not in good faith claim a right to such possession and yet refuses to abandon the same, it shall be the duty of the sheriff of the county where the land or tenement is located, upon receiving such affidavit, to exhibit such affidavit to the person described as being in possession of such land or tenement at the earliest possible day and to turn such person out of possession unless the person in possession tenders to the sheriff a counteraffidavit stating that he claims, in good faith, a legal right to the possession of the land or tenement.

[3] OCGA § 44-11-32 provides:
     If the party in possession submits a counteraffidavit as provided in Code Section 44-11-30, the sheriff shall not turn him out of possession but shall leave both parties in their respective positions. In such an event, the sheriff shall return both affidavits to the office of the clerk of the superior court of the county in which the land is located for a trial of the issue before a jury in accordance with the laws of this state.

13

create a subdivision out of that property; and that consistent with that plan, two subdivision plats were filed and recorded and lots were conveyed to various defendants who then conveyed the lots to other defendants. And, in his petition, Bell was seeking to invalidate those conveyance instruments based on alleged deficiencies in the recorded subdivision plats and to have title to those lots issued in his name. Hence, Bell's allegations and exhibits demonstrate on their face that the defendants were not simply intruders acting "in bad faith without any claim or shadow of right," as required for a summary ejection action brought under OCGA § 44-11-30 et seq. (Citation and punctuation omitted.) *Sims*, 270 Ga. App. at 878.

Additionally, Bell sought broad relief in this case— to have the Stone Road Property restored to its original boundaries, a new title issued in his name for the property encompassed by the restored boundaries, a writ of possession issued to him based on the restored boundaries, and ejectment of the defendants from the restored boundaries. But the summary proceeding contemplated by OCGA § 44-11-30 et seq. cannot be utilized to resolve title disputes and determine property boundaries, and thus the summary ejection procedures available for the ejectment of intruders were not the proper vehicle for the expansive relief sought by Bell. See Daniel F. Hinkel, 2 Pindar's Ga. Real Estate Law & Procedure § 13:47 (7th ed., April 2023 update)

14

("The summary action to oust intruders is entirely inadequate to determine boundaries.") (footnote omitted); *Lane v. Williams*, 114 Ga. 124, 126 (39 SE 919) (1901) (explaining that Georgia "law has laid down certain well-defined methods for trying issues involving the title to land," but the summary action for ejecting intruders "is not one of those methods").[4] Consequently, the trial court did not err in concluding that Bell failed to state a claim under OCGA § 44-11-30 et seq. for the summary ejection of intruders.

(c) Bell also maintains that the trial court failed to consider his fraud claim in ruling on the motion to dismiss. Yet, Bell did not allege that the defendants committed fraud in his petition, and we will not consider the propriety of a claim that was neither raised nor ruled upon in the trial court. See *Larose v. Bank of America, N. A.*, 321 Ga. App. 465, 467, n. 1 (740 SE2d 882) (2013).

(d) Bell asserts that apart from whether the trial court properly granted the motion to dismiss filed by the Lopez Defendants, the court erred in sua sponte dismissing his claims against the remaining defendants who did not themselves file

---

[4] Although *Lane* was decided under a former version of the summary ejection statute, Civ. Code 1895, § 4808 et seq., we discern no reason why the same rule would not apply under the current statute. See *Sims*, 270 Ga. App. at 878 (quoting *Lane* in case addressing OCGA § 44-11-30).

motions to dismiss or join the Lopez Defendants' motion. We disagree because "[a] trial court has the authority to dismiss claims sua sponte if it can determine from the pleadings that the claims cannot succeed as a matter of law." (Citation and punctuation omitted.) *Love*, 311 Ga. at 690-691 (2). And for the reasons discussed supra in Division 1, the trial court could determine that Bell could not succeed on his claims for quiet title, ejectment, or the summary ejection of intruders as a matter of law. The trial court therefore did not err in sua sponte dismissing Bell's claims against the remaining defendants. See id.

2. In addition to challenging the grant of the motion to dismiss, Bell contends that the trial court erred "when it did not consider" his emergency motion for injunctive relief. The record reflects, however, that the trial court did consider Bell's motion and denied it in a thorough written order. And Bell does not address the reasons given by the trial court for its ruling or cite to any legal authority for why the trial court should have granted the requested relief. Bell therefore has abandoned any claim that the trial court erred in denying his emergency motion for injunctive relief. See Court of Appeals Rule 25 (d) (1) (warning that enumerations of error not supported by citation to authority or any argument "may be deemed abandoned"); *Farmer v. Dept. of Corrections*, 346 Ga. App. 387, 394 (2) (816 SE2d 376) (2018)

16

("[A]s we have repeatedly emphasized, under the rules of this Court, an appellant must support enumerations of error with argument and citation of authority, and mere conclusory statements are not the type of meaningful argument contemplated by our rules.") (citation and punctuation omitted); *Woods v. Hall*, 315 Ga. App. 93, 96 (726 SE2d 596) (2012) ("[L]egal argument . . . requires, at a minimum, a discussion of the appropriate law as applied to the relevant facts.") (citation and punctuation omitted).

3. Bell further argues that the trial court erred by not granting his motion for default judgment. We do not agree. Bell moved for entry of default judgment in his favor on the ground that the defendants did not file counteraffidavits as required in a summary action to eject intruders under OCGA § 44-11-30 et seq.[5] But, as explained supra in Division 1 (b), Bell failed to state a claim for the summary ejectment of intruders, given that his allegations and exhibits showed on their face that the defendants did not enter the Stone Road Property as intruders "in bad faith without any claim or shadow of right," *Sims*, 270 Ga. App. at 878 (citation and punctuation omitted), and given that a summary ejectment action was not the proper procedural vehicle for pursuing the broad relief sought by Bell. Consequently, the trial court committed no error in denying Bell's motion for default judgment. Accord

---

[5] See supra note 2.

17

*Majeed v. Randall*, 279 Ga. App. 679, 681 (2) (632 SE2d 413) (2006) (concluding that "the grant of defendants' motions to dismiss terminated the action and obviated the need for a timely answer").

*Judgment affirmed. Rickman, C. J., and Land, J., concur*.