**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11577

Non-Argument Calendar

_____

SCOTT BROWN,

*Plaintiff-Appellant,*

*versus*

BEVERLY ISRAEL JOHNSON,

CHARLES LEE ISRAEL,

HAROLD JAMES ISRAEL, JR.,

MARK WENDELL ISRAEL,

as Co-Executors of the Estate of Peggy Israel
and as Successor Co-Executors of the Estate
of Harold James Israel, Sr.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:23-cv-00162-WLS

_____

Before LAGOA, BRASHER, and WILSON, Circuit Judges.

PER CURIAM:

Scott Brown, proceeding *pro se*, appeals from the district court's order dismissing his complaint against Harold and Peggy Israel. Brown sought the Israels' ejectment from certain property in their possession, as well as damages for their allegedly unauthorized timber and mining operations on that property. First, Brown argues that the district court erred in granting the Israels' motion to dismiss because he plausibly stated a claim for ejectment. Second, Brown raises several procedural arguments, alleging that the district court erred by granting the motion to dismiss before determining whether it had jurisdiction over one of the defendants, by not allowing him to amend his complaint, by permitting the Estates of Harold and Peggy Israel to adopt the decedents' motion to dismiss, and by granting the Israels' motion to stay discovery. After careful review, we **AFFIRM** the district court.

## I.

Brown, a citizen of Washington, sued Harold and Peggy Israel, citizens of Georgia, seeking their ejectment from land he claims as his own. He brought the action under diversity jurisdiction. Brown's claim centers on an 1831 Georgia land grant issued to Brown's alleged ancestor, Edmund Lashley. The grant transfers a parcel of land "unto the said Edmund Lashley his heirs and assigns, to his and their proper use, benefit and behoof forever in fee simple." In his complaint, Brown also attached a family tree, birth certificates, and census records to prove he is Lashley's descendant.

Brown's argument is straightforward: because he is Lashley's direct descendant and heir, he is the rightful owner of the land the Israels possess. In addition to seeking their ejectment, Brown also sought damages for the Israels' alleged "timber and/or mineral operations" on the land. Brown sought damages exceeding $75,000.

The Israels filed a motion to dismiss. They argued that Brown has no right or interest in the land because the 1831 grant gave Lashley a fee simple absolute, which he and his descendants were free to sell. To the extent the 1831 grant was a fee tail—a common law interest in land that requires owners to pass property only to their descendants—Georgia had already abolished fee tails when it was issued. GA. CODE ANN. § 44-6-24.

The Israels also filed a motion to stay discovery, arguing that there was no need for discovery until the district court ruled on the motion to dismiss. Brown filed a motion to compel a Federal Rule of Civil Procedure 26(f) discovery conference. The court granted the Israels' motion and denied Brown's, concluding that a dismissal would make discovery unnecessary. The court also held that Brown would suffer no harm from a stay because there was no danger of information being lost or an immediate need for relief.

Around this time, Harold Israel died. The defendants' counsel moved to substitute the Estate of Harold Israel, with Peggy Israel as its executor, for the deceased. Finding that the Estate and Peggy Israel provided notice to both parties and non-parties in accordance with Federal Rule of Civil Procedure 25, the court granted the motion.

4                        Opinion of the Court                        24-11577

The court then granted the Israels' motion to dismiss. Judge Sands found that Brown had not alleged sufficient facts to establish that he possessed legal title to the land when he filed his complaint. First, the court considered the 1831 grant too "obscured and illegible" to prove Brown's legal title. Second, even assuming Brown was Lashley's direct descendant, Brown's ancestry was legally insufficient to establish title. Brown "provided no other form or proof of current record title or current prescriptive title" to plausibly allege ejectment. Third, the court found Brown's allegations that the Israels unlawfully engaged in mining operations on the property to be conclusory. Because his claim did not provide them with sufficient notice of what their unlawful conduct was, it could not survive a motion to dismiss.

Brown filed a timely notice of appeal. Upon our review of the record, we remanded the appeal to the district court for the limited purpose of determining the citizenship of the parties to establish whether diversity jurisdiction existed in the first instance. Brown moved in the district court to amend his complaint to add additional jurisdictional facts. The court granted the motion and upon reviewing Brown's amended complaint, held that the parties were and had always been completely diverse. The court then returned the case to the Eleventh Circuit.

As the parties prepared their briefs, Peggy Israel died. In accordance with Federal Rule of Appellate Procedure 43, her counsel provided notice and moved to stay the proceedings. After we granted the motion, Beverly Israel Johnson, Charles Lee Israel,

Harold James Israel, Jr., and Mark Wendell Israel established the Estate of Peggy Israel. They moved to substitute the Estate as a party in place of Peggy Israel, and as co-executors of the Estate of Harold Israel. We granted this motion as well.

## II.

We review the grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6) *de novo*. *Caterpillar Fin. Servs. Corp. v. Venequip Mach. Sales Corp.*, 147 F.4th 1341, 1346 (11th Cir. 2025). The complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Drawing on "judicial experience and common sense," this Court will find the claim facially plausible if the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Caterpillar*, 147 F.4th at 1347 (citation modified). Although we accept the plaintiff's allegations as true, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

We review a district court's ruling on discovery matters for abuse of discretion. *Khoury v. Miami-Dade Cnty. Sch. Bd.*, 4 F.4th 1118, 1125 (11th Cir. 2021). We will not reverse unless the district court made a clear error of judgment or applied the wrong legal standard. *Id.*

### III.

We start with Brown's argument that the district court erred in concluding that he failed to state a claim for ejectment. Brown argues that his "ancestral land patent . . . is conclusive evidence of title against Defendant Peggy Israel, as she never presented any title that predates [Brown's]." But under Georgia law, "[a] plaintiff in ejectment must recover on the strength of his own title and not on the weakness of the defendant's." GA. CODE ANN. § 44-11-1. To succeed in his ejectment action, at the time he filed his complaint, Brown had to sufficiently allege that he possessed title to the land and had the right of entry. *Brown v. Christian*, 276 Ga. 203, 204, 576 S.E.2d 894, 895–96 (2003). Brown's complaint, read in a light most favorable to him, does not permit "the reasonable inference that the defendant is liable for the misconduct alleged." *Caterpillar*, 147 F.4th at 1347.

Brown spills much ink over the district court's statement that the 1831 grant was "obscured and illegible" and could not "form a sufficient basis to establish or prove his legal title." But even assuming the grant and accompanying exhibits could prove Brown's ancestry, the district court was correct that mere descendancy is not enough to establish legal title. A grant conveying land to a person and "his heirs and assigns" is a fee simple absolute. GA. CODE ANN. § 44-6-24. A fee simple estate is the entire and absolute property in the land. *Jenkins v. Shuften*, 206 Ga. 315, 318, 57 S.E.2d 283, 286 (1950) (citation omitted). Because the owner of a fee simple estate can freely alienate the property, *see* GA. CODE ANN. § 44-

6-20, Brown's lineage suggests nothing about how the property has been devised over the last two hundred years or who presently owns the land. Conclusory allegations are insufficient to survive a motion to dismiss. *See Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Because Brown did not allege sufficient factual matter to permit a reasonable inference that he has title to the land and the right of entry, the district court did not err in granting the Israels' motion to dismiss.

Based on this conclusion, it follows that the district court did not err in dismissing Brown's related claim for damages arising out of the Israels' alleged mining operations. Further, Brown's claim that, "[u]pon information and belief, Defendants . . . may have been engaged in unauthorized timber and/or mineral operations" was conclusory and devoid of any supporting facts. *See Twombly*, 550 U.S. 544, 551, 557 (declining to take as true the conclusory allegation "upon information and belief" that the companies had entered a conspiracy without enough facts to make that statement plausible). The district court did not err in granting the motion to dismiss.

Next, Brown raises a host of procedural arguments. None have merit. He first alleges that the district court erred by granting the motion to dismiss before determining whether it had jurisdiction over the Estate of Harold Israel. But as Brown himself concedes, an estate is a citizen of the same state in which the decedent was domiciled at the time of his death. *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007). The district court concluded

that Harold Israel, prior to his death, had always been a citizen of Georgia, and that complete diversity therefore existed between the parties. We find no error in that determination. Brown is therefore incorrect that the district court issued an order for a defendant who it "did not have jurisdiction over."

Brown complains that the district court did not give him the opportunity to amend his complaint to correct the jurisdictional defect we identified on review. Neither Brown nor the district court were alerted to any jurisdictional issues until we remanded the case about four months after Brown's claims were dismissed. In any event, Brown was permitted to amend his complaint to address the jurisdictional defects, which he did.

Brown also asserts that it was error to permit the Estates of Harold and Peggy Israel to "benefit from Rule 12(b)(6) motions they did not file." He argues without support that Rule 25 does not permit substituted parties to benefit from motions filed by a decedent. Not so. A substituted party steps into the same position of the original party. *Ransom v. Brennan*, 437 F.2d 513, 516 (5th Cir. 1971).[1] Brown does not deny that both Estates filed proper substitution motions nor does he allege that the district court erred in granting them. Nor does he deny the original parties filed a proper motion to dismiss.

---

[1] Cases decided by the Fifth Circuit before 1981 are binding precedent in the Eleventh Circuit. *Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981).

Finally, Brown argues that the district court erred by granting the Israels' motion to stay discovery instead of issuing a scheduling order under Federal Rule of Civil Procedure 16(b)(2). Brown cites *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353, 1367 (11th Cir. 1997), for the proposition that a motion to dismiss should "be denied where the district court has failed to ensure that the parties conducted the discovery necessary to test the factual basis of their claims." But *Chudasama* held precisely the opposite: "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." *Id.* As we explained, "[d]iscovery . . . is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim." *Id.* (quoting *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981)). Here, the district court properly concluded that a dismissal would eliminate any need for discovery. Because the district court did not abuse its discretion, *see Khoury*, 4 F.4th at 1125, Brown's argument fails.

**IV.**

**AFFIRMED.**